**THOMPSON, Appellee,**

v.

**VALENTINE, Appellant.**

[Cite as *Thompson v. Valentine*, 189 Ohio App.3d 661, 2010-Ohio-4075.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA2009–09–231.

Decided Aug. 30, 2010.

Ann (Valentine) Thompson, plaintiff-appellee, pro se.

Charles E. Valentine, defendant-appellant, pro se.

Helen Kendrick, guardian ad litem.

HENDRICKSON, Judge.

{¶ 1} This amended opinion clarifies and supersedes this court's previous opinion in *Thompson v. Valentine*, Butler App. No. CA2009–09–231, 2010-Ohio-3689, 2010 WL 3101415, released on August 9, 2010.

{¶ 2} Defendant-appellant, Charles E. Valentine, appeals from an order of the Butler County Court of Common Pleas, Domestic Relations Division, certifying to the common pleas court's juvenile division all matters concerning the care and custody of the two minor children of appellant and his former wife plaintiff-appellee, Ann Valentine, n.k.a. Ann Thompson.

{¶ 3} The parties were divorced in 2003, and appellant was subsequently named the residential parent of the parties' minor children. In 2008, appellant, acting pro se, moved to modify the parties' parenting time and filed a notice of his intent to relocate to Wisconsin and to take the children with him. Appellee responded with several motions of her own, including one to modify the children's designated custodian.

{¶ 4} In 2009, the domestic-relations court certified the case, including all of the parties' pending motions, to the Butler County Juvenile Court on the ground that evidence had been presented to it to support allegations that one of the parties' children may have been subjected to sexual abuse, though it was not known by whom or when the abuse occurred, and the juvenile court has exclusive

and original jurisdiction concerning any child alleged to be abused under R.C. 2151.23(A)(1).

{¶ 5} Appellant now appeals from the domestic-relation court's decision, assigning the following as error:

{¶ 6} Assignment of error No. 1:

{¶ 7} "Trial court erred by not determining that a change of circumstances had taken place prior to hearing the motion of modifying custody."

{¶ 8} Assignment of error No. 2:

{¶ 9} "The trial court erred by not surrendering jurisdiction of the case to division of juvenile court before hearing it."

{¶ 10} Assignment of error No. 3:

{¶ 11} "The trial court erred by denying defendant's motion of intent to relocate out of state based on evidence, obtained inappropriately, and the failure of the trial court to specify the factual evidence that claimed to have outweighed the advantages of the move."

{¶ 12} Assignment of error No. 4:

{¶ 13} "The trier of the objection [sic] of the magistrate's decision erred by ignoring the issues of the 3rd error of the trial court."

■ {¶ 14} We are precluded from reviewing the issues raised in appellant's assignments of error. Appellant had a duty to file a transcript of the proceedings or such parts of it as were necessary to enable this court to review the domestic-relations court's decision. See *Spicer v. Spicer*, Butler App. No. CA2005–10–443, 2006-Ohio-2402, 2006 WL 1312521, ¶ 4. While appellant provided this court with an audio recording of the proceedings, he failed to provide a *written* transcript of the proceedings as required by App.R. 9(A), which provides:

{¶ 15} "Proceedings recorded by means other than videotape must be transcribed into written form. When the written form is certified by the reporter in accordance with App. R. 9(B), such written form shall then constitute the transcript of proceedings."

{¶ 16} In this case, appellant failed to provide this court with a transcript of the proceedings or an acceptable alternative, as required by App.R. 9, and therefore this court must presume the regularity of the proceedings in the domestic-relations court. Id. at ¶ 5. Nevertheless, our analysis of the record in this case has led us to conclude that the domestic-relations court failed to properly certify this case to the juvenile court, and therefore, jurisdiction over this case never vested in the juvenile court.

{¶ 17} There are a number of means by which a juvenile court may acquire jurisdiction over custody matters. Some require the juvenile court to consent to the transfer. Others do not require consent, but mandate that the transferring court make certain statutory findings in order for the transfer to be proper. Relevant to the case at bar are the jurisdictional mechanisms set forth in R.C. 2151.23(A)(1), 3109.04(D)(2), and 3109.06.

{¶ 18} R.C. 2151.23 provides that the juvenile court has exclusive original jurisdiction over the various types of cases enumerated in the statute. Relevant to the case at bar, subsection (A)(1) confers jurisdiction upon the juvenile court in cases "[c]oncerning any child who on or about the date specified in the complaint, indictment, or information is alleged * * * to be a[n] * * * abused, neglected, or dependent child."

■ {¶ 19} When a domestic-relations court relies upon R.C. 2151.23(A)(1) to certify a case to juvenile court, the court must be mindful of an additional requirement. That is, R.C. 2151.23(F) obligates a juvenile court to exercise its jurisdiction in child-custody matters in accordance with, among other provisions, R.C. 3109.04.

{¶ 20} R.C. 3109.04, in turn, prescribes certain parameters for allocating and modifying parental rights and responsibilities. Subsection (D)(2) authorizes a domestic-relations court to certify a case to the juvenile court upon finding "that it is in the best interest of the child for neither parent to be designated the residential parent and legal custodian of the child." Thus, when a domestic-relations court seeks to transfer a case to juvenile court under R.C. 2151.23(A)(1), the domestic-relations court must also make this best-interest finding under R.C. 3109.04(D)(2) in order for jurisdiction to vest in the juvenile court.

■ {¶ 21} A juvenile court may also attain jurisdiction over a domestic-relations case by certification under R.C. 3109.06. Relevant to the present matter, there are two distinct methods for certification under this statute. In accordance with the first paragraph of R.C. 3109.06:

{¶ 22} "Any court, other than a juvenile court, that has jurisdiction in any case respecting the allocation of parental rights and responsibilities for the care of a child under eighteen years of age and the designation of the child's place of residence and legal custodian or in any case respecting the support of a child under eighteen years of age, may, on its own motion or on motion of any interested party, with the consent of the juvenile court, certify the record in the case or so much of the record and such further information, in narrative form or otherwise, as the court deems necessary or the juvenile court requests, to the

juvenile court for further proceedings; upon the certification, the juvenile court shall have exclusive jurisdiction."[1]

{¶ 23} Under the plain terms of the statute, the juvenile court's express consent is required before a domestic-relations court may transfer a case pursuant to the first paragraph of R.C. 3109.06.

{¶ 24} The second paragraph of R.C. 3109.06 provides yet another manner for certifying a case to juvenile court:

{¶ 25} "In cases in which the court of common pleas finds the parents unsuitable to have the parental rights and responsibilities for the care of the child or children and unsuitable to provide the place of residence and to be the legal custodian of the child or children, consent of the juvenile court shall not be required to such certification."

{¶ 26} Clearly, then, a finding of parental unsuitability bypasses the need to obtain the juvenile court's consent prior to transferring a case under the second paragraph of R.C. 3109.06.

{¶ 27} In the present matter, the record indicates that the domestic-relations court did not properly certify the case to the juvenile court under R.C. 2151.23(A)(1), 3109.04(D)(2), or 3109.06. Transfer under R.C. 3109.06 can quickly be disposed of, as the domestic-relations court neither obtained the juvenile court's consent prior to transfer nor made a finding that the parents were unsuitable. That brings us to transfer under R.C. 2151.23(A)(1), the very statute cited by the domestic-relations court in issuing its transfer order.

{¶ 28} In relying upon R.C. 2151.23(A)(1) to transfer the case to juvenile court, the domestic-relations court reasoned as follows:

{¶ 29} "Section 2151.23 of the Ohio Revised Code (R.C.) is controlling. Division (A) of § 2151.23 R.C. reads, in part, 'The juvenile court has exclusive and original jurisdiction under the Revised Code as follows: (1) Concerning any child who * * * is alleged * * * abused, neglected, or dependent * * *.' "

{¶ 30} After construing R.C. 2151.23(A)(1) in this manner, the domestic-relations court certified the case to the juvenile court on the grounds that the

---

1.  R.C. 3109.06 has been amended as of June 17, 2010, and now begins, "Except as provided in division (K) of section 2301.03 of the Revised Code, any court * * *." R.C. 2301.03(K) also has been amended as of that date, and now provides that "in Butler county: (1) * * * The judges of the division of domestic relations also have concurrent jurisdiction with judges of the juvenile division of the court of common pleas of Butler county with respect to and may hear cases to determine * * * an action that is within the exclusive original jurisdiction of the juvenile division of the court of common pleas of Butler county and that involves an allegation that the child is an abused, neglected, or dependent child, and post-decree proceedings and matters arising from those types of cases."

juvenile court had "exclusive and original jurisdiction concerning any child alleged to be an abused child." However, the domestic-relations court misconstrued R.C. 2151.23(A)(1) by improperly deleting words from that statute that are critical to its meaning. See *Hall v. Banc One Mgt. Corp.,* 114 Ohio St.3d 484, 487, 2007-Ohio-4640, 873 N.E.2d 290, ¶ 24 (in interpreting a statute, a court is bound by the language enacted by the General Assembly and must give effect to the words used in a statute, neither disregarding or deleting portions of the statute through interpretation, nor inserting language not present).

{¶ 31} With these crucial words inserted in the statute, R.C. 2151.23(A)(1) provides that the juvenile court has exclusive original jurisdiction "[c]oncerning any child who on or about the date specified in the *complaint, indictment, or information* is alleged * * * to be a[n] * * * abused, neglected, or dependent child." (Emphasis added.) Therefore, contrary to what the domestic-relations court found, R.C. 2151.23(A)(1) does not provide the juvenile court with exclusive original jurisdiction concerning a child who is alleged by *any* person to be abused, neglected, or dependent. Rather, it provides the juvenile court with exclusive original jurisdiction concerning any child whom "a *complaint, indictment, or information*" alleges to be abused, neglected, or dependent.

{¶ 32} In this case, there was no complaint, indictment, or information that contained allegations of abuse, neglect, or dependency. Instead, the trial court based its finding that one of the parties' children may have been sexually abused on testimony presented to its magistrate at a hearing held on the parties' motions. The magistrate, in turn, found that the testimony of appellee, her new husband, and the child's therapist "are allegations that [the child] may be abused, neglected and/or dependent," and further found that allegations that this child's behavior "may impact or be directed" towards the other child also "amounts to allegations of abuse, neglect and/or dependency." However, for the reasons that follow, these allegations did not amount to allegations in a "complaint, indictment, or information," for purposes of R.C. 2151.23(A)(1).

{¶ 33} Obviously, the allegations of sexual abuse were not contained in an indictment or information, as the record does not indicate that the allegations were conveyed by a grand jury or by a prosecutor without a grand jury. That leaves a complaint as the only viable medium.

{¶ 34} Juv.R. 10 governs complaints filed in the juvenile court. Subsection (A) of the rule provides: "When a case concerning a child is transferred or certified from another court, the certification from the transferring court shall be considered the complaint."

{¶ 35} Notably, the plain terms of R.C. 2151.23(A)(1) do not expressly require that an *official* abuse/neglect/dependency complaint be filed under R.C. 2151.353 in order to confer jurisdiction upon the juvenile court. However, we construe the

constraints imposed by the previously discussed transfer statutes as prerequisites that must be met before a certification from another court can properly be considered a "complaint" in the juvenile court within the meaning of R.C. 2151.23(A)(1) and Juv.R. 10(A).

{¶ 36} As stated, R.C. 2151.23(F) cross-references R.C. 3109.04. R.C. 3109.04(D)(2) requires the domestic-relations court to find that it is in the best interest of the child for neither parent to be designated the residential parent and legal custodian before transferring the case to juvenile court under R.C. 3109.04. It is clear that the domestic-relations court in the case at bar failed to make the requisite best-interest finding before purportedly certifying the case to juvenile court under R.C. 2151.23(A)(1). We hold that when a best-interest finding is not made by a domestic-relations court seeking to transfer a case under R.C. 2151.23(A)(1), the requirements for certification to juvenile court under R.C. 2151.23(A)(1) have not been met. When the statutory requirements for certification have been met, the certification order under R.C. 2151.23(A)(1) shall be considered the complaint within the meaning of Juv.R. 10.

{¶ 37} In light of the foregoing, we conclude that the domestic-relations court lacked authority to certify this case to the juvenile court under R.C. 2151.23(A)(1) and that the juvenile court was never properly vested with jurisdiction over this case, since the case was never "duly certified" to it.[2] R.C. 2151.23(D). Moreover, while appellant did not raise this error either on appeal or in the trial court, we still must recognize the error since it concerns a matter related to the subject-matter jurisdiction of the domestic-relations court and the juvenile court, and therefore the error can and must be raised by this court, sua sponte, even though it was not raised by one of the parties. See *Curry v. Blanchester*, Clinton App. Nos. CA2008–07–024 and CA2008–07–028, 2009-Ohio-1649, 2009 WL 903837, ¶ 19.

{¶ 38} Accordingly, the judgment of the domestic-relations court transferring this cause to the juvenile court is reversed, and the matter is remanded to the domestic-relations court for further proceedings in accordance with this amended opinion.

Judgment reversed<br>and cause remanded.

BRESSLER, P.J., and RINGLAND, J., concur.

---

2. In addition, we reiterate that the juvenile court did not attain jurisdiction over the case by consenting to the transfer. As previously noted, certain statutes permit the juvenile court to exercise jurisdiction over custody matters by consenting to certification of the case from domestic-relations court. See, e.g., R.C. 2151.23(C); R.C. 3109.06. The record in the present matter indicates that the juvenile court expressly declined to accept transfer of the case pending resolution of the present appeal.