[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Richland Cty. Children Servs. v. Richland Cty. Court of Common Pleas,* Slip Opinion No. 2017-Ohio-9160.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-9160

THE STATE EX REL. RICHLAND COUNTY CHILDREN SERVICES ET AL. *v.* RICHLAND COUNTY COURT OF COMMON PLEAS ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Richland Cty. Children Servs. v. Richland Cty. Court of Common Pleas,* Slip Opinion No. 2017-Ohio-9160.]**

*Prohibition—Mandamus—Domestic-relations court patently and unambiguously lacked jurisdiction to order that child be placed in immediate custody of children-services agency—Case presents pure question of law, decision does not depend on resolution of factual disputes, and additional briefing is unnecessary—Motion to dismiss denied, peremptory writ of prohibition granted, and writ of mandamus denied as moot.*

(No. 2017-0604—Submitted June 6, 2017—Decided December 22, 2017.)

IN PROHIBITION and MANDAMUS.

_____

**Per Curiam.**

{¶ 1} In the midst of a parentage action, respondent Richland County Court of Common Pleas, Domestic Relations Division, ordered relator Richland County Children Services to take immediate custody of the minor child at the center of the action. Richland County Children Services and its executive director, relator Patricia A. Harrelson (collectively, "RCCS"), filed this original action for writs of prohibition and mandamus, asserting that the domestic-relations court lacked jurisdiction to issue the order. Respondents Judge Heather Cockley and Magistrate Steve McKinley have filed a motion to dismiss.

{¶ 2} For the reasons discussed below, we deny the motion to dismiss, grant a peremptory writ of prohibition, and deny the requested writ of mandamus as moot.

## Background

{¶ 3} The relevant facts, as alleged in the complaint, are not in dispute.

{¶ 4} K.R. filed an action in the Richland County domestic-relations court against M.W. to establish paternity and to allocate parental rights and responsibilities for M.W.'s minor child. On Friday, April 14, 2017, the court held a hearing in the case on its own motion.

{¶ 5} Later that day, Magistrate McKinley issued a decision in which he found probable cause to believe that the child was a neglected, abused, and/or dependent child, that she was in immediate danger, and that removal was necessary to prevent immediate or threatened physical or emotional harm. He ordered the child placed in the immediate custody of RCCS and ordered RCCS joined as a third-party defendant. Finally, the magistrate ordered the case transferred to the Richland County juvenile court for further proceedings.

{¶ 6} On April 17, 2017, the following Monday, RCCS filed a motion to set aside the magistrate's decision and a motion for a stay. Two days later, on April 19, Judge Cockley signed a judgment entry adopting the magistrate's decision. Later that day, the court issued an order denying RCCS's motions as moot.

**Procedural History**

{¶ 7} RCCS filed this action in this court on May 5, 2017. The complaint seeks (1) a writ of mandamus to compel a ruling on RCCS's motion to set aside Magistrate McKinley's decision and (2) a writ of prohibition vacating the decision and barring the domestic-relations court from issuing future custody orders "that are squarely within the exclusive, original jurisdiction of the juvenile court." Judge Cockley and Magistrate McKinley have filed a motion to dismiss.

**Legal Analysis**

*Prohibition*

{¶ 8} To be entitled to the requested writ of prohibition, RCCS must establish that (1) Judge Cockley and Magistrate McKinley have exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13.

{¶ 9} In their motion to dismiss, Judge Cockley and Magistrate McKinley argue that prohibition is not appropriate because the domestic-relations court is no longer about to exercise judicial power given that in his decision, the magistrate already certified the matter to the juvenile court. But it is well established that when a lower court patently and unambiguously lacks jurisdiction, prohibition will lie to correct the results of previous unauthorized actions. *State ex rel. V.K.B. v. Smith*, 142 Ohio St.3d 469, 2015-Ohio-2004, 32 N.E.3d 452, ¶ 8.

{¶ 10} RCCS contends that an order of removal to protect a child from abuse, neglect, or dependency is within the exclusive jurisdiction of the juvenile court and that the domestic-relations court therefore patently and unambiguously lacked jurisdiction to issue the removal order. Judge Cockley and Magistrate McKinley maintain that the two courts, juvenile and domestic-relations, have

concurrent jurisdiction under these facts and that the magistrate therefore was acting within the scope of his judicial authority when he issued his decision.

**{¶ 11}** By statute, a juvenile court has exclusive original jurisdiction "[c]oncerning any child who on or about the date specified in the complaint, indictment, or information, is alleged * * * to be a[n] * * * abused, neglected, or dependent child."  R.C. 2151.23(A)(1).  RCCS focuses on the second half of the provision, reading it as a grant of exclusive jurisdiction over every child who is alleged to be abused, neglected, or dependent.

**{¶ 12}** That is a misreading of the statute.  For one thing, the exclusive jurisdiction of the juvenile court arises only in cases initiated by "complaint, indictment, or information."  *Thompson v. Valentine*, 189 Ohio App.3d 661, 2010-Ohio-4075, 939 N.E.2d 1289, ¶ 31 (12th Dist.) (holding that "R.C. 2151.23(A)(1) does not provide the juvenile court with exclusive original jurisdiction concerning a child who is alleged by *any* person to be abused, neglected, or dependent" [emphasis sic], but only over those children alleged to be abused, neglected, or dependent in a complaint, indictment, or information).  In this case, there was no complaint, indictment, or information to trigger the exclusive jurisdiction of the juvenile court.

**{¶ 13}** Moreover, the Revised Code makes clear that the juvenile court's jurisdiction over children alleged to be abused, neglected, or dependent is not always absolute and exclusive.  For example, if, in the course a divorce proceeding, there is "reason to believe that either parent has acted in a manner resulting in a child being a neglected child," the domestic-relations court must "consider that fact against" naming the neglectful parent as the residential parent and against granting a shared parenting decree.  R.C. 3109.04(C).  What the domestic-relations court is *not* required to do, when presented with evidence of neglect, is to surrender jurisdiction automatically to the juvenile court.

4

**{¶ 14}** The Richland County domestic-relations court has concurrent jurisdiction with the Richland County juvenile court "to determine the care, custody, or control of any child not a ward of another court of this state." R.C. 2301.03(G)(1). The only exception to this concurrent jurisdiction is for cases "that are subject to the exclusive original jurisdiction of the juvenile court." *Id.* Judge Cockley and Magistrate McKinley are correct that the juvenile court does not have exclusive jurisdiction over the child alleged to be abused, neglected, or dependent in this case.

**{¶ 15}** But it does not resolve this case to conclude that the domestic-relations court had general subject-matter jurisdiction over the proceeding or even over the child. When asked to issue a writ of prohibition, a court must also consider whether the lower tribunal has jurisdiction to take the action alleged to be unauthorized. *See State ex rel. Dir., Dept. of Agriculture v. Forchione*, 148 Ohio St.3d 105, 2016-Ohio-3049, 69 N.E.3d 636, ¶ 29 (granting writ of prohibition after determining that judge patently and unambiguously lacked jurisdiction to order return of dangerous wild animals seized by the Department of Agriculture). Therefore, we consider whether Magistrate McKinley patently and unambiguously lacked jurisdiction to issue his decision.

**{¶ 16}** The scope of relief available in a paternity action is limited; any claim for custody or parenting time must be made in a separate proceeding. R.C. 3111.13(A) and (C). And in an action for allocation of parental rights and responsibilities, the Revised Code limits the options available to the court: it may designate one parent as legal custodian, order shared parenting, commit the child to the care of a relative, or certify the matter to the juvenile court for further proceedings. R.C. 3109.04(A)(1) and (2) and (D)(2). In cases involving certification to the juvenile court, the statute does not authorize a provisional order of custody to a children-services agency. *See* R.C. 3109.04(D)(2).

**{¶ 17}** Judge Cockley and Magistrate McKinley cite R.C. 2151.31(A), which provides that a child may be taken into custody "[p]ursuant to an order of the court." If "the court" in R.C. 2151.31(A) were intended to apply to the domestic-relations court, then it should say so, given that the statute appears in the section governing juvenile courts and that adopting the juvenile court's argument would mean that "the court" has a different meaning in R.C. 2151.31 than it does in the rest of the chapter.

**{¶ 18}** The domestic-relations court's only recourse, upon suspicion of abuse, neglect, or dependency, is to transfer the matter to the juvenile court. Magistrate McKinley and Judge Cockley patently and unambiguously lacked jurisdiction to order that the child be placed in the immediate custody of RCCS.

**{¶ 19}** Finally, the motion to dismiss argues that the requested writ of prohibition should not issue because RCCS has an adequate remedy at law. But if the absence of jurisdiction is patent and unambiguous, then a petitioner need not establish the lack of an adequate remedy at law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

**{¶ 20}** In an original action before this court, our rules provide for four possible judgments: the court may (1) dismiss the complaint, (2) issue an alternative writ, thereby requiring the parties to submit evidence and additional briefing, (3) issue a peremptory writ of mandamus or prohibition, or (4) deny the writ outright. Sup.Ct.Prac.R. 12.04(C).

**{¶ 21}** This case presents a pure question of law. Our decision does not depend on the resolution of factual disputes, and additional briefing by the parties is unnecessary. For this reason, pursuant to Sup.Ct.Prac.R. 12.04(C), we hereby grant a peremptory writ of prohibition directing Judge Cockley to vacate her judgment entry adopting the decision issued by Magistrate McKinley. *See Sapp* at ¶ 32 (granting peremptory writ of prohibition "[b]ecause the pertinent facts are uncontroverted").

*Mandamus*

**{¶ 22}** RCCS also seeks a writ of mandamus to compel a ruling on RCCS's motion to set aside Magistrate McKinley's decision. On April 19, 2017, two days after RCCS filed its action, the domestic-relations court issued an order denying RCCS's motion. We therefore deny the requested writ of mandamus as moot.

Motion denied,

writ of prohibition granted,

and writ of mandamus denied.

O'CONNOR, C.J., and O'DONNELL, FRENCH, O'NEILL, FISCHER, and DEWINE, JJ., concur.

KENNEDY, J., concurs in judgment only.

_____

Edith A. Gilliland, for relators.

Montgomery, Rennie & Jonson, Linda L. Woeber, and Lisa M. Zaring, for respondents.

_____