[Cite as *State v. Roberson*, 2019-Ohio-3137.]

STATE OF OHIO ) IN THE COURT OF APPEALS
)ss: NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN )

STATE OF OHIO

    Respondent

    v.

REGINALD ROBERSON

    Relator

C.A. No.    19CA011455

ORIGINAL ACTION IN
PROHIBITION

Dated: August 5, 2019

PER CURIAM.

{¶1} Relator, Reginald Roberson, has filed a petition for a writ of prohibition to seek a stay of a judgment, issued by Judge Mark Betleski, that Mr. Roberson asserts is void. For the following reasons, we dismiss the petition sua sponte. Sua sponte dismissal of a petition, without notice, is appropriate only if the petition is frivolous or the claimant obviously cannot prevail on the facts alleged in the petition. *See, e.g., State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 7.

{¶2} Mr. Roberson's petition was confusingly captioned as both a notice of appeal and as a request for writ of prohibition. Pursuant to this Court's Magistrate's Order, Mr. Roberson clarified that he sought a writ of prohibition to prevent further collection of court costs pursuant to Judge Betleski's sentencing order.

{¶3} Generally, for this Court to issue a writ of prohibition, Mr. Roberson must establish that: (1) Judge Betleski is about to exercise judicial power, (2) the exercise of

that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997). Mr. Roberson's petition does not allege that Judge Betleski is about to exercise judicial power, that the exercise of that power is unauthorized by law, or that the denial of the writ will result in injury for which no other adequate remedy exists. Mr. Roberson has alleged that Judge Betleski's order requiring him to pay fines and the cost of appointed counsel is void because Judge Betleski failed to comply with R.C. 2947.14(B). This section describes the hearing that must be held when, pursuant to R.C. 2947.14(A), a trial court decides to impose a sentence for a defendant's failure to pay fines.

{¶4} Mr. Roberson contends that this provision requires a hearing to be held at sentencing to determine the defendant's ability to pay. While that section does require a hearing, it does not apply to the original sentencing hearing leading to a judgment of conviction. Instead, this section applies when a trial court sentences a defendant to incarceration for failing to pay fines. R.C. 2947.14 "requires a hearing prior to incarceration for nonpayment, [but] we do not believe that the hearing must be conducted before imposing the fine." *State v. Johnson*, 107 Ohio App.3d 723, 728–29 (8th Dist.1995). "[T]he hearing requirement of R.C. 2947.14(A) does not arise until the court decides to incarcerate an offender for failure to pay a fine." *State v. Wilton*, 6th Dist. Wood No. WD-99-040, 2000 WL 331575, *3 (Mar. 31, 2000).

{¶5} "[T]he purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d

70, 73 (1998). A writ of prohibition "tests and determines solely and only the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988). If the trial court acts when it patently and unambiguously lacks jurisdiction, prohibition will lie to correct the results of previous unauthorized actions. *See, e.g., State ex rel. Richland Cty. Children Services v. Richland Cty. Court of Common Pleas*, 152 Ohio St.3d 421, 2017-Ohio-9160. Mr. Roberson has not alleged that Judge Betleski has exceeded his jurisdiction. Instead, Mr. Roberson has argued that Judge Betleski failed to follow a statute – a statute that was inapplicable – at his sentencing hearing. Mr. Roberson's petition has failed to assert any facts to support a claim for a writ of prohibition.

{¶6}    Because Mr. Roberson cannot prevail on the facts he alleged, the petition is dismissed. Costs of this action are taxed to Relator. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

REGINALD ROBERSON, Pro se, Relator.

DENNIS P. WILL, Prosecuting Attorney, for Respondent.