[Cite as *Cotner v. Coey*, 2020-Ohio-5499.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RODNEY COTNER | : | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2020 CA 00007 |
| CARISSA COEY | : | |
| | : | |
| Defendant-Appellee | : | OPINION |

CHARACTER OF PROCEEDING:     Civil appeal from the Fairfield County Court
                             of Common Pleas, Case No. 2019 PA
                             00145

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      December 2, 2020

APPEARANCES:

For Plaintiff-Appellant          For Defendant-Appellee

JASON A. PRICE
PRICE LAW GROUP
126 East Chestnut Street
Lancaster, OH 43130

*Gwin, J.,*

{¶1}   Appellant Rodney Cotner ("Father") appeals the January 22, 2020 judgment entry of the Fairfield County Court of Common Pleas, Domestic Relations Division, certifying the matter to the Fairfield County Court of Common Pleas, Juvenile Division.

*Facts & Procedural History*

{¶2}   On July 25, 2019, Father filed a complaint for parentage and allocation of parental rights and responsibilities against Carissa Coey ("Mother").  Father and Mother have two children, R.C., born on January 13, 2017, and N.C., born on March 9, 2019.

{¶3}   On January 9, 2020, the parties entered into an agreed judgment entry, in which Mother was named as the residential and custodial parent of the minor children. Father had parenting time with the children each week.

{¶4}   Father filed a motion for change of parental rights on January 21, 2020, due to Mother's alleged drug use.  On the same day, Father filed a motion for ex parte order of custody.  The trial court provided notice to Fairfield County Child Protective Services ("CPS") that Father filed the motion for emergency custody.

{¶5}   The magistrate held a hearing on Father's emergency motion on January 21, 2020, and issued a judgment entry on the same day.  The magistrate granted temporary custody of the minor children to Father, but ordered him to comply with all recommendations and requests of CPS.

{¶6}   The next day, the trial court appointed Sonya Marshall ("Marshall") as guardian ad litem for the children.  Marshall served as the guardian for R.C. and N.C.'s sibling in a companion case since October of 2019.  On January 22, 2020, Marshall filed a motion for order certifying the case to juvenile court for further proceedings and motion

for CPS to seek emergency shelter care custody and temporary custody of the children. She cited R.C. 3109.06 in support of her motion to transfer. Marshall argued it was in the best interest of the children for the case to be transferred to juvenile court due to the domestic violence history between Father and Mother and the history of both Father and Mother with CPS. Marshall believed it was in the best interest of the children for the parents to obtain assistance and services through CPS.

{¶7} The magistrate held a hearing on Marshall's motion on January 22, 2020. Present at the hearing were Marshall and several employees from CPS. Marshall testified she had concerns for R.C. and N.C.'s safety with Father due to a significant history of domestic violence between Father and Mother. Marshall also had concerns about the suitability of Mother to be the legal custodian of R.C. and N.C. She requested the case be certified to Juvenile Court, an emergency shelter care order be issued, and temporary custody be granted to CPS. Heather Stoneberger from CPS testified that CPS became involved in the case approximately a week prior to the hearing, due to drug use by Mother. Stoneberger stated the family had previously been involved with CPS and Father was not cooperative with CPS.

{¶8} The trial court issued a judgment entry on January 22, 2020. The trial court took judicial notice of the proceedings on January 21, 2020 and, based upon the testimony presented on January 21 and January 22, found there was probable cause to believe the children are dependent as defined in R.C. 2151.04. Pursuant to R.C. 2151.31 and R.C. 2151.311, the court found it was in the best interest of the children to place them into the shelter care custody of CPS and this removal was necessary to prevent

immediate threatened physical or emotional harm. The trial court transferred all issues related to the children to Fairfield County Juvenile Court.

{¶9} Father appeals the January 22, 2020 judgment entry of the Fairfield County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

{¶10} "I. THE TRIAL COURT ERRED IN TRANSFERRING THE CASE TO JUVENILE COURT.

{¶11} "II. THE TRIAL COURT DENIED THE APPELLANT DUE PROCESS."

I.

{¶12} In Father's first assignment of error, he argues the trial court committed error in transferring the case to juvenile court because the requirements for transfer contained in the applicable transfer statutes were not met. We agree with Father.

{¶13} In Marshall's motion, she states that she is requesting transfer to the juvenile court pursuant to R.C. 3109.06. Pursuant to the plain language of R.C. 3109.06, the consent of the juvenile court to transfer is required unless the domestic relations court finds the parents unsuitable to have parental rights and responsibilities for the care of the children and unsuitable to provide the place of residence and be the legal custodian of the children. In this case, the juvenile court did not consent to the transfer prior to the judgment entry of the domestic relations court on January 22, 2020. Further, the domestic relations court did not make a finding of parental unsuitability. Thus, the requirements for transfer under R.C. 3109.06 were not met.

{¶14} There are a number of other means by which a juvenile court may acquire jurisdiction over custody matters. Relevant to this case are the transfer mechanisms in R.C. 3109.04(D)(2) and R.C. 2151.23(A)(1).

{¶15} R.C. 3109.04, entitled allocating and modifying parental rights and responsibilities, authorizes a domestic relations court to certify a case to the juvenile court for further proceedings, "if the court finds * * * that it is in the best interest of the child for neither parent to be designated the residential parent and legal custodian of the child." R.C. 3109.04(D)(2). In this case, while the trial court found it was in the best interest of the children to place them into shelter care, the trial court did not find it was in the best interest of the children for neither parent to be the designated residential parent and legal custodian of the children. Thus, the trial court did not make the required finding for transfer pursuant to R.C. 3109.04(D)(2).

{¶16} The trial court found there was probable cause to believe the children were dependent pursuant to R.C. 2151.04. R.C. 2151.23 provides that the juvenile court has exclusive original jurisdiction, "concerning any child who on or about the date specified in the complaint, indictment, or information is alleged * * * to be a * * * delinquent, unruly, abused, neglected, or dependent child * * *." R.C. 2151.23(A)(1). In the instant case, allegations of abuse, neglect, or dependency were not contained in an indictment or information, as the record does not indicate the allegations were conveyed by a grand jury or prosecutor without a grand jury. Further, in this case, there was no complaint filed alleging abuse, neglect, or dependency on or about January 22. Instead, the trial court based its findings on testimony presented to the magistrate at the January 22nd hearing. While CPS did file a complaint requesting a dependency finding due to Mother's substance abuse and Father's unwillingness to allow the agency to assess their concerns, this complaint was not filed until February 7, 2020, over two weeks after the trial court issued the transfer judgment entry. Accordingly, the statutory requirements for transfer

pursuant to R.C. 2151.23(A)(1) were not met. *Thompson v. Valentine*, 189 Ohio App.3d 661, 2010-Ohio-4075, 939 N.E.2d 1289 (12th Dist. Butler); *State ex rel. Richland Cty. Children Services v. Richland Cty. Court of Common Pleas*, 152 Ohio St.3d 421, 2017-Ohio-9160, 97 N.E.3d 429.

{¶17} In this case, the record indicates the trial court did not properly transfer the case to juvenile court under R.C. 2151.23(A)(1), 3109.04(D)(2), or 3109.06. Appellant's first assignment of error is sustained.

II.

{¶18} Due to our disposition of Father's first assignment of error, we find Father's second assignment of error is moot.

{¶19} Based on the foregoing, appellant's first assignment of error is sustained. Therefore, his second assignment of error is moot.

{¶20} The January 22, 2020, judgment entry of the Fairfield County Court of Common Pleas, Domestic Relations Division, transferring the case to the Juvenile Division, is reversed and remanded to the Domestic Relations Division for further proceedings in accordance with this opinion.

By Gwin, J.,

Hoffman, P.J., and

Wise, John J., concur