[Cite as *Stalnaker v. Stalnaker*, 2023-Ohio-3046.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| BRADY STALNAKER | | C.A. No. 30367 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| HANNAH STALNAKER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. DR-2010-03-0859 |

DECISION AND JOURNAL ENTRY

Dated: August 30, 2023

CARR, Judge.

{¶1} Appellant, Hannah Stalnaker, appeals from a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that certified a transfer of this case to the juvenile division of that court. Because the juvenile division in Summit County lacks subject matter jurisdiction to address the merits of this case, this Court vacates the transfer of jurisdiction and remands the case to the domestic relations court.

I.

{¶2} Although the history of this case is long and complicated, the jurisdictional issue that resolves this appeal is not. Consequently, this Court will confine its review to the basic relevant facts.

{¶3} Appellant, Hannah Stalnaker, married appellee, Brady Stalnaker, in 2005. On March 25, 2010, Mr. Stalnaker filed a complaint for divorce in the Summit County Court of Common Pleas, Domestic Relations Division ("domestic relations court" or "court"). During

2012, the parties agreed to a legal separation and an allocation of their parental rights and responsibilities. The court journalized their agreement, which designated Mrs. Stalnaker as the residential parent of the parties' three minor children, ordered Mr. Stalnaker to pay child support, and granted him parenting time with the children.

{¶4} Disputes later arose between the parties about their parental rights and responsibilities, including that Mother had stopped allowing Father to see the children. Both parties filed motions in the domestic relations court during late 2018 and early 2019. Informal efforts to reinstate Father's parenting time and resolve the parties' differences about the care and custody of the children were unsuccessful. At a settlement conference during August 2019, the guardian ad litem recommended that the domestic relations court transfer the case to the juvenile division. Father agreed to the transfer of jurisdiction, but Mother did not.

{¶5} Following an evidentiary hearing before a magistrate, the magistrate decided that the case should be transferred to the juvenile division because "it is not currently in the best interests of the minor children * * * to be placed in the care of either parent[.]" *See* R.C. 3109.04(D)(2). The same day, the domestic relations court adopted the magistrate's decision to certify a transfer of the case to the juvenile division.

{¶6} Mother filed objections to the magistrate's decision, arguing that the evidence in this case failed to satisfy the requirements for a transfer of jurisdiction under R.C. 3109.04 or R.C. 3109.06. The trial court overruled Mother's objections and ordered that this case be transferred to the juvenile division. Mother appeals and raises two assignments of error. After the oral argument, this Court requested supplemental briefing on another issue, which will be discussed in this Court's disposition of Mother's first assignment of error. Father did not file a brief in this appeal.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ITS DECISION TO TRANSFER THE CASE TO THE SUMMIT COUNTY JUVENILE COURT FOR FURTHER PROCEEDINGS.

{¶7}   Mother's first assignment of error asserts that the trial court lacked statutory authority to transfer this case to the juvenile court.  In the trial court and in Mother's original brief on appeal, the parties focused on whether the transfer of this case from the domestic relations court to the juvenile division was permitted by the language of R.C. 3109.04(D)(2) and R.C. 3109.06, which set forth the general requirements for the Ohio courts of common pleas to certify a child custody case to the juvenile division for further consideration.

{¶8}   After a review of the briefs and oral argument in this case, this Court raised an issue that was not initially briefed by Mother.  Aside from the domestic relations court's compliance with the general statutory requirements for transferring a custody case to the juvenile division, this Court specifically questioned whether the juvenile court in Summit County has subject matter jurisdiction over the custody dispute in this case.

{¶9}   Because "appellate courts should not decide cases on the basis of a new, unbriefed issue without 'giv[ing] the parties notice of its intention and an opportunity to brief the issue[,]'" this Court ordered Mother to submit a brief on the issue of the juvenile court's jurisdiction in this case. *See State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, ¶ 21.  Although Father had not filed a brief on appeal, this Court's supplemental briefing order also permitted him to brief the new issue.  Mother filed a supplemental brief on the jurisdictional issue, but Father did not.  Upon review of the jurisdictional issue, this Court concludes that it is dispositive of this appeal.

{¶10} R.C. 3109.04(D)(2) and R.C. 3109.06 generally authorize one division of a county court of common pleas to transfer a custody case to the juvenile division under certain circumstances. Nevertheless, those statutes do not define, and cannot expand, the subject matter jurisdiction of the juvenile division of a county's court of common pleas.

{¶11} The subject matter jurisdiction of Ohio's juvenile courts is defined in R.C. 2151.23. *See State ex. rel Richland County Children Services v. Richland County Court of Common Pleas*, 152 Ohio St.3d 421, 2017-Ohio-9160, ¶ 11; *In re M.R.L.*, 9th Dist. Summit No. 25618, 2011-Ohio-4997, ¶ 9. Of relevance to this appeal, R.C. 2151.23(E) grants a juvenile court jurisdiction to hear a certified case from another court of competent jurisdiction only "if the child comes within the jurisdiction of the juvenile court as defined by this section[,]" and "except as provided" in R.C. 2301.03(I), which pertains exclusively to Summit County.

{¶12} As amended beginning in 2000, subsection (I) was added to R.C. 2301.03 to define the unique subject matter jurisdiction of the juvenile court in Summit County. R.C. 2301.03(I)(2) currently limits the jurisdiction of the Summit County Court of Common Pleas, Juvenile Division, as follows:

> *Except in cases that are subject to the exclusive original jurisdiction of the juvenile court*, the judge of the juvenile division shall not have jurisdiction or the power to hear, and shall not be assigned, any case pertaining to paternity, custody, visitation, child support, or the allocation of parental rights and responsibilities for the care of children or any post-decree proceeding arising from any case pertaining to any of those matters. The judge of the juvenile division shall not have jurisdiction or the power to hear, and shall not be assigned, any proceeding under the uniform interstate family support act contained in Chapter 3115. of the Revised Code.

(Emphasis added.) As defined above, the juvenile division of the Summit County Court of Common Pleas lacks jurisdiction to hear any case pertaining to parental rights and responsibilities, such as the instant case, unless that case falls within "the exclusive original jurisdiction of the juvenile court[.]"

{¶13} R.C. 2151.23(A) defines the "exclusive original jurisdiction" of the juvenile court. Although the entirety of R.C. 2151.23(A)(1)-(18) defines the "exclusive original jurisdiction" of the juvenile courts, the custody situations set forth in R.C. 2151.23(A)(2) and (11), aside from not being relevant to this case, are excluded from the Summit County Juvenile Court's exclusive original jurisdiction by explicit cross references to R.C. 2301.03(I).

{¶14} Consequently, as to matters involving child custody, visitation, child support, and/or parental rights and responsibilities, R.C. 2151.23(A)(1) is the only situation in which the Summit County Juvenile Court has "exclusive original jurisdiction." R.C. 2151.23(A)(1) pertains only to cases in which the child or children:

> on or about the date specified in the complaint, indictment, or information is alleged to have violated section 2151.87 of the Revised Code or an order issued under that section or to be a juvenile traffic offender or a delinquent, unruly, abused, neglected, or dependent child and, based on and in relation to the allegation pertaining to the child, concerning the parent, guardian, or other person having care of a child who is alleged to be an unruly child for being an habitual truant or who is alleged to be a delinquent child for violating a court order regarding the child's prior adjudication as an unruly child for being an habitual truant[.]

{¶15} In this case, the juvenile court lacks subject matter jurisdiction over the custody, visitation, and support disputes in this case because none of the children have been alleged to have violated R.C. 2151.87 "or an order issued under that section" or to be "a juvenile traffic offender or a delinquent, unruly, abused, neglected, or dependent child[.]" R.C. 2151.23(A)(1). Moreover, even if the record in this case could be construed to include allegations that the parents were unsuitable and that the children were dependent as a result, the Summit County Juvenile Court would have jurisdiction only if the children were "alleged to be abused, neglected, or dependent in a complaint, indictment, or information." *State ex. rel Richland County Children Services*, 2017-Ohio-9160, at ¶ 12, quoting *Thompson v. Valentine*, 189 Ohio App.3d 661, 2010-Ohio-4075, ¶ 31 (12th Dist.) (interpreting the subject matter jurisdiction of the Richland County Juvenile

Court, which has the same constraints as Summit County on its "exclusive original jurisdiction" as defined in R.C. 2151.23). There was no such filing in this case.

{¶16} Because this dispute over parental rights and responsibilities does not fall within the "exclusive original jurisdiction" of the Summit County Court of Common Pleas, Juvenile Division, that court lacks subject matter jurisdiction over this case. The domestic relations court erred in certifying a transfer of this case to the juvenile division. Mother's supplemented first assignment of error is sustained for that reason.

## ASSIGNMENT OF ERROR II

> THE TRIAL COURT'S DECISION CERTIFYING THE CASE TO THE SUMMIT COUNTY JUVENILE COURT FOR FURTHER PROCEEDINGS CONSTITUTED AN ABUSE OF DISCRETION, BECAUSE THE TRIAL COURT'S CONCLUSIONS OF LAW IN THE MAGISTRATE'S DECISION WERE AN ABUSE OF DISCRETION, AND BECAUSE THE FINDINGS OF FACT IN THE MAGISTRATE'S DECISION WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶17} Mother's second assignment of error challenges some of the factual findings made by the trial court in its determination that the case should be transferred. Because the trial court erred by transferring the case to a court that lacks subject matter jurisdiction, Mother's second assignment of error has been rendered moot and will not be addressed. *See* App.R. 12(A)(1)(c).

III.

Mother's first assignment of error, as supplemented after oral argument, is sustained and her second assignment of error was not addressed. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, transferring this case to the juvenile division is vacated because the juvenile division lacks subject matter jurisdiction to consider this case. The matter is remanded to the domestic relations court.

Judgment vacated,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

SUTTON, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

SUSAN J. LAX, Attorney at Law, for Appellant.

THOMAS LOCASCIO, Attorney at Law, for Appellee.