[Cite as *State v. Roberson*, 2024-Ohio-118.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | | C.A. No.      23CA011971 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| REGINALD ROBERSON | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No.      07CR074975 |

DECISION AND JOURNAL ENTRY

Dated: January 16, 2024

CARR, Judge.

{¶1}   Appellant, Reginald Roberson, appeals, pro se, the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}   After a trial in 2009, Roberson was found guilty of a litany of felony offenses and attendant specifications, including multiple counts of rape and kidnapping.  The trial court imposed a total prison sentence of 41 years.  Roberson was also ordered to pay court costs and to reimburse the court for appointed counsel fees.

{¶3}   After Roberson filed his notice of appeal, the trial court issued an amended sentencing entry attempting to addresses a number of omissions in its original sentencing entry. This Court dismissed Roberson's appeal on the grounds that the original sentencing entry from which he appealed did not dispose all of the charges against him.  *State v. Roberson*, 9th Dist. Lorain No. 09CA009555, 2009-Ohio-6369, ¶ 7.  The trial court subsequently issued a new

sentencing entry that disposed of all the charges against Roberson. The trial court again ordered Roberson to pay court costs and to reimburse the court for appointed counsel fees. Roberson appealed and this Court affirmed his convictions. *State v Roberson*, 9th Dist. Lorain No. 10CA009743, 2011-Ohio-988, ¶ 1. Notably, Roberson did not raise a challenge pertaining to the imposition of courts costs or the reimbursement of appointed counsel fees on appeal.

{¶4} In 2015, Roberson filed a motion for relief from his collection obligation. The trial court denied the motion and Roberson did not appeal. In 2017, the Lorain County Clerk of Courts issued a certificate of judgment specifying the amount of unpaid court costs and attorney fees owed by Roberson. In 2018, Roberson filed a motion in this Court challenging the trial court's orders pertaining to court costs and attorney fees. After providing Roberson with an opportunity to clarify the purpose of his motion, this Court construed the filing as an attempted appeal and dismissed it on the basis that it was untimely. *State v. Roberson*, 9th Dist. Lorain No. 18CA011274 (June 22, 2018). In 2019, Roberson filed a petition for a writ of prohibition in this Court. This Court dismissed the petition on the grounds that Roberson could not prevail on the facts alleged therein. *State v. Roberson*, 9th Dist. Lorain No. 19CA011455, 2019-Ohio-3137, ¶ 6.

{¶5} On February 8, 2023, Roberson filed a motion for relief from judgment pursuant to Civ.R. 60(B), wherein he sought to vacate the trial court's orders pertaining to court costs and attorney fees. The trial court denied the motion.

{¶6} On appeal, Roberson raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

[THE] JUDGE FAILED TO ALLOW PETITIONER AN OPPORTUNITY TO ADDRESS AND CHALLENGE THE ABILITY TO PAY ADDITIONAL COURT COSTS, FINES, FEE[S] AND ATTORNEY COST[S.]

{¶7} In his sole assignment of error, Roberson argues that the trial court erred in denying his motion for relief from judgment. This Court disagrees.

{¶8} In support of his motion, Roberson argued that the trial court's orders pertaining to court costs and attorney fees were entered erroneously at the time of sentencing and should be vacated.

{¶9} "Under the doctrine of res judicata, any issue that was or should have been litigated in a prior action between the parties may not be relitigated." *State v. Zhao*, 9th Dist. Lorain No. 03CA008386, 2004-Ohio-3245, ¶ 7, quoting *State v. Meek*, 9th Dist. Lorain No. 03CA008315, 2004-Ohio-1981, ¶ 9. Furthermore, it is well settled that a motion filed pursuant to Civ.R. 60(B) may not be used as a substitute for appeal. *See Cooley v. Sherman*, 9th Dist. Lorain No. 05CA008860, 2006-Ohio-6065, ¶ 12.

{¶10} Here, the trial court did not err in denying Roberson's motion for relief from judgment because the issues Roberson attempted to raise were barred under the doctrine of res judicata. Although Roberson could have challenged the trial court's orders pertaining to court costs and attorney fees in his 2011 appeal, he declined to do so. *See Roberson*, 2011-Ohio-988. Furthermore, while Roberson has filed a number of motions in the trial court in recent years pertaining to his obligations regarding court costs and attorney fees, he has failed to perfect a timely appeal from the orders denying him relief. Accordingly, Roberson is barred from challenging the trial court's orders pertaining to court costs and attorney fees at this time because those issues could have been raised in a prior proceeding.

{¶11} Roberson's sole assignment of error is overruled.

III.

**{¶12}** Roberson's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

REGINALD ROBERSON, pro se, Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and MARK ANTHONY KOZA, Assistant Prosecuting Attorney, for Appellee.