BROOKS, APPELLANT, *v.* GAUL, JUDGE, APPELLEE.

[Cite as *Brooks v. Gaul* (2000), 89 Ohio St.3d 202.]

(No. 99–2136—Submitted April 10, 2000—Decided June 21, 2000.)

*Charles Brooks, pro se.*

***Per Curiam.*** Brooks claims that the court of appeals erred in dismissing his prohibition action. For the following reasons, this claim lacks merit.

In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy at law by appeal. *Page v. Riley* (1999), 85 Ohio St.3d 621, 623, 710 N.E.2d 690, 692. Prohibition will not issue as a substitute for appeal to review mere errors in judgment. *Berthelot v. Dezso* (1999), 86 Ohio St.3d 257, 259, 714 N.E.2d 888, 890.

Therefore, Brooks had an adequate remedy by appeal to raise his claims on appeal, and he is precluded from raising them by extraordinary writ. See *State ex rel. Poore v. Mayer* (1964), 176 Ohio St. 78, 79, 26 O.O.2d 375, 376, 197 N.E.2d 557, 558 (prohibition unavailable to challenge erroneous ruling on the admissibility of evidence); *Smith v. Mitchell* (1998), 80 Ohio St.3d 624, 625, 687 N.E.2d 749, 750 (claims of erroneous jury instructions and verdict forms should have been raised on direct appeal rather than in action for habeas corpus).

In addition, as the court of appeals noted, the partial transcript attached to Brooks's complaint established that the 911 tape *was* admitted into evidence, so that Judge Gaul did not err in permitting the jury to consider it during its deliberations.

Finally, because it is evident that Brooks seeks release from prison, he should have raised these claims in a habeas corpus action instead of by way of prohibition. See *State ex rel. Jackson v. Callahan* (1999), 86 Ohio St.3d 73, 711 N.E.2d 686.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.