JOURNAL ENTRY AND OPINION
The relators, Bobretta Grier and Raechelle Grier, have filed a complaint for a writ of prohibition and unspecified declaratory relief.Sua sponte, we dismiss the relators' complaint for a writ of prohibition and unspecified declaratory relief.
Prohibition is an extraordinary writ which is not routinely or easily granted. For this Court to issue a writ of prohibition, the relators must demonstrate that: (1) the respondent is about to exercise judicial power; (2) the exercise of such judicial power is unauthorized by law; and (3) the denial of the writ will cause injury for which no other adequate remedy exists in the ordinary course of the law. State ex rel. BarclaysBank PLC v. Hamilton Cty. Court of Common Pleas (1996), 74 Ohio St.3d 536,66 N.E.2d 458; State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160,540 N.E.2d 239. An adequate remedy at law will preclude relief in prohibition. State ex rel. Lesher v. Kainrad (1981), 65 Ohio St.2d 68,417 N.E.2d 1382; State ex rel. Sibarco Corp. V. City of Berea (1966),7 Ohio St.2d 85, 218 N.E.2d 428. Furthermore, prohibition does not lie unless the relators clearly demonstrate that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe
(1941), 138 Ohio St. 417, 35 N.E.2d 571. Prohibition must be used with great caution and should not be issued in a doubtful case. State ex rel.Merion v. Tuscarawas Cty. Court of Common Pleas (1940), 137 Ohio St. 273,28 N.E.2d 641; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.
Initially, we find that the relators' complaint for prohibition and unspecified declaratory relief is moot since the underlying action ofChesner v. Grier, et al., South Euclid Municipal Court Case No. 2001-CVG-186 has concluded and is subject to or was subject to an adequate remedy at law vis-a-vis a direct appeal to this court. It must also be noted that a postjudgment appeal from a judgment which overrules a motion to dismiss will provide an adequate legal remedy which warrants dismissal of a complaint for a writ of prohibition. State ex rel. Tomav. Judge Corrigan (2001), 92 Ohio St.3d 589, 752 N.E.2d 281; Fraiberg v.Cuyahoga Cty. Court of Common Pleas, Domestic Relations Div. (1996),76 Ohio St.3d 374, 667 N.E.2d; Brooks v. Gaul (2000), 89 Ohio St.3d 202,729 N.E.2d 752.
In addition, the relators fail to state a claim for relief against Bezalel Chesner, Susan J. Shvartz or U.S. One Realty Co. Not one of the aforesaid parties is about to exercise any judicial power or authority.State ex rel. Bristow v. Toledo Blade, et al. (Mar. 6, 2001), Cuyahoga App. No. 79194, unreported.
Finally, we find that the relators have failed to comply with Loc.App.R. 45(B)(1)(a), which provides that all complaints must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit from the plaintiff or relator specifying the details of the claim. State ex rel. Wilson v. Calabrese
(Jan. 18, 1996), Cuyahoga App. No. 70077, unreported; State ex rel. Smithv. McMonagle (July 17, 1996), Cuyahoga App. No. 70899, unreported.
Accordingly, we sua sponte dismiss the relators' complaint for a writ of prohibition and unspecified declaratory relief. It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B). Costs to relator.
Complaint dismissed.
ANN DYKE, J., and COLLEEN CONWAY COONEY, J., CONCUR.