JUDGMENT: COMPLAINT DISMISSED
{¶ 1} Clifford Patrick, aka Aquil Zayid, has filed a complaint for a writ of prohibition. Patrick seeks an order from this court, which prevents Judge Joseph D. Russo from conducting a re-sentencing hearing in State v. Patrick, Cuyahoga County Court of Common Pleas Case No. CR-383316. Sua sponte, we dismiss Patrick's complaint for a writ of prohibition.
 {¶ 2} On November 29, 2006, Patrick was brought before Judge Russo at which time a re-sentencing hearing was conducted. At the conclusion of the hearing, Judge Russo entered the following order:
 Defendant in court. Counsel Paul Kuzins and Cullen Sweeney present. Court reporter present. On a former day of court the defendant plead guilty to kidnap w/svps sex.mot.spec. 2905.01-F2 as charged in count(s) 2 of the indictment. On a former day of court the defendant plead guilty to attempted, rape 2923.02/2907.02-F2 as amended in counts(s) 3 of the indictment. Defendant addresses the court. The court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11. The court imposes a prison sentence at the Lorain Correctional Institution of 7 year(s). Sentenced to 7 years on each of counts 2 and 3. Counts to run concurrent with each other. Post release control is part of this prison sentence for 5 years for the above felony(s) under R.C. 2967.28. **All post release control is stayed pending appeal.** Defendant granted credit for time served prior to sentencing and while awaiting transport to the appropriate state institution. To date, defendant has completed the sentence imposed. Defendant advised of appeal rights. Defendant indigent, court appoints Public Defender as appellate counsel. Transcript at state's expense. Defendant is to pay court costs. Defendant ordered released.
 {¶ 3} Initially, we find that Patrick's complaint for a writ of prohibition is moot since a re-sentencing hearing was conducted by Judge Russo on November 29, 2006, and a new sentence, which included post-release control, was journalized on November 29, 2006. Grier v.Kleri, Cuyahoga App. No. 80313, 2001-Ohio-4147. In addition, Patrick possesses an adequate remedy at law vis-a-vis a direct appeal of the judgment of re-sentencing which prevents this court from issuing a writ of prohibition. State ex rel. Toma v. Judge Corrigan (2001),92 Ohio St.3d 589, 2001-Ohio-1289, 752 N.E.2d 281; Fraiberg v. Cuyahoga Cty.Court of Common Pleas, Domestic Relations Div. (1996),76 Ohio St.3d 374, 667 N.E.2d 1189; Brooks v. Gaul (2000), 89 Ohio St.3d 202,729 N.E.2d 752.
 {¶ 4} Accordingly, we sua sponte dismiss Patrick's complaint for a writ of prohibition. Costs to Patrick. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
 Complaint dismissed.
ANN DYKE, ADMINISTRATIVE JUDGE
JAMES J. SWEENEY, J., and SEAN C. GALLAGHER, J., CONCUR