[Cite as *State v. Castner*, 2021-Ohio-1048.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29704 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DONNA M. CASTNER | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 18 11 3971 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2021

CARR, Judge.

{¶1} Defendant-Appellant, Donna Castner, appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} Castner was indicted on one count of theft from a person in a protected class. She was arraigned on that charge and ordered not to have contact with the victim. Yet, she later sent text messages to the victim about the case. The prosecutor referenced those messages at a pretrial that occurred about two weeks before her scheduled trial date. The prosecutor advised the court, Castner, and her counsel, that new charges would likely be filed the following week due to the messages Castner had sent the victim.

{¶3} Two days before trial, a supplemental indictment issued, charging Castner with one count of intimidation of a victim in a criminal case. The court held a hearing that same day, seeking to arraign Castner on the new charge. While her attorney attended the hearing, Castner did not.

The attorney indicated that Castner was unavailable. He notified the court that he had explained her additional charge to her. He also notified the court that the defense had received the evidence related to her new charge and was prepared to "go forward on this charge at the trial [in two days]." Following the hearing, the court issued a journal entry, indicating that Castner (through counsel) had waived the reading of the supplemental indictment, as well as any defect in service, and had entered a plea of not guilty to the charge.

{¶4} A jury trial was held two days later, and the jury found Castner guilty on both counts. The court sentenced her on each count and ordered her sentences to run concurrently for a total of six months in prison. The court also ordered her to pay the victim $1,000 in restitution.

{¶5} Castner now appeals from her convictions and raises one assignment of error for review.

II.

## ASSIGNMENT OF ERROR

THE APPELLANT'S CONVICTION FOR INTIMIDATION IS VOID BECAUSE APPELLANT DONNA CASTNER WAS NEVER SERVED WITH THE SUPPLEMENTAL INDICTMENT OR ARRAIGNED ON THE CHARGE IN VIOLATION OF CRIMINAL RULE 10 AND THE RIGHT TO DUE PROCESS.

{¶6} In her sole assignment of error, Castner argues that her conviction for intimidation of a victim in a criminal case is void because she was never served with the supplemental indictment or arraigned on that charge. We disagree.

{¶7} "Personal jurisdiction is a question of law that appellate courts review de novo." *Kauffman Racing Equip., L.L.C. v. Roberts*, 126 Ohio St.3d 81, 2010-Ohio-2551, ¶ 27. "A de novo review requires an independent review of the trial court's decision without any deference to

the trial court's determination." *State v. Consilio*, 9th Dist. Summit No. 22761, 2006-Ohio-649, ¶ 4.

{¶8} "A judgment or sentence is void only if it is rendered by a court that lacks subject-matter jurisdiction over the case or personal jurisdiction over the defendant." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 34. "In a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his [or her] plea to the charge. A defendant also submits to the court's jurisdiction if he [or she] does not object to the court's exercise of jurisdiction over him[ or her]." (Internal citations omitted.) *Id.* at ¶ 36.

{¶9} Castner argues that her conviction for intimidation of a victim in a criminal case is void because she was neither personally served with a copy of her supplemental indictment, nor arraigned on that charge. She notes that the service of process portion of her supplemental indictment summons is blank, and the record reflects that she was out of town when the sheriff attempted to serve her. Further, she takes issue with the trial court's determination that she (through counsel) waived the reading of the supplemental indictment, as well as any defect in service, and entered a plea of not guilty to the charge. She notes that her attorney never explicitly waived a reading of the supplemental indictment at the hearing the court held two days before her trial. She also notes that the court never asked her attorney to enter a plea on her behalf at that hearing. Because she was neither served, nor arraigned on the supplemental indictment, Castner argues, her conviction is void.

{¶10} As previously noted, defense counsel appeared at the hearing the court scheduled two days before trial for the purpose of arraigning Castner on her supplemental charge. Defense counsel specifically indicated that Castner was aware of her new charge, the defense was in

possession of the evidence related to that charge, and the defense was prepared to "go forward on this charge at the trial [in two days]." Assuming without deciding that his statements were not sufficient to waive the issue of personal jurisdiction, the record reflects that Castner appeared for trial, with counsel, and did not object on the basis of personal jurisdiction. Because she submitted to the court's jurisdiction at trial without objection, she may not now argue that her conviction is void for lack of personal jurisdiction. *See Henderson* at ¶ 36; *Tari v. State*, 117 Ohio St. 481, 491-492 (1927). Castner's sole assignment of error is overruled.

III.

{¶11} Castner's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT


CALLAHAN, P. J.
HENSAL, J.
CONCUR.


APPEARANCES:

DONALD R. HICKS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.