[Cite as *State ex rel. Yeager v. McCarty*, 2021-Ohio-2492.]

STATE OF OHIO     )
                     )ss:
COUNTY OF SUMMIT   )

IN THE COURT OF APPEALS
NINTH JUDICIAL DISTRICT

STATE OF OHIO EX REL. ANDRE
YEAGER

    Relator

    v.

HON. ALISON MCCARTY, JUDGE,
ET AL.

    Respondents

C.A. No. 29626

ORIGINAL ACTION IN
MANDAMUS AND
PROHIBITION

Dated: July 21, 2021

PER CURIAM.

{¶1} Relator, Andre Yeager, has petitioned this Court for writs of mandamus and prohibition to compel Respondents, Judge Alison McCarty and Judge Richard Reinbold, to vacate and stop enforcement of two journal entries. Respondents have moved to dismiss pursuant to Civ.R. 12(B)(6). Mr. Yeager responded to the motion to dismiss. For the following reasons, this Court grants the motion to dismiss.

{¶2} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must generally presume that all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A petition can only be dismissed when, having

viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7.

## Mr. Yeager's Complaint

{¶3} Mr. Yeager filed a lengthy complaint. Many of the paragraphs repeat the same allegations or conclusions. Because Ohio is a notice-pleading state, a plaintiff is not ordinarily required to plead operative facts with particularity. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 29. Under the Ohio Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the party is entitled to relief." Civ.R. 8(A)(1).

{¶4} Mr. Yeager went beyond a "short and plain statement of the claim" in his complaint. The introduction alone is six pages long, and the entire complaint is well over 300 pages consisting of 745 numbered paragraphs (along with many more that are unnumbered). Notwithstanding the length of the complaint, our focus must be on the facts alleged, not the unsupported conclusions that may be included among factual statements. *See, e.g., Newman v. Univ. of Dayton*, 2d Dist. Montgomery No. 28815, 2021-Ohio-1609, ¶ 54.

{¶5} A complaint must consist of more than bare assertions of legal conclusions. *Copeland v. Summit Cty. Probate Court*, 9th Dist. Summit No. 24648, 2009-Ohio-4860, ¶ 10. Allegations must be supported by facts. Conclusions in the complaint that are not supported by factual allegations in the complaint cannot be deemed admitted and are

insufficient to withstand a motion to dismiss. *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 324 (1989); *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193 (1988).

{¶6} When reviewing the complaint, we may also review the material incorporated into the complaint; it is considered as part of the complaint for purposes of considering a Civ.R. 12(B)(6) motion to dismiss. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 109 (1995). The attachments serve an important purpose, and a "court is not required to accept allegations in a complaint as true when they are contradicted by documents attached to the complaint." *State ex rel. Washington v. D'Apolito*, 156 Ohio St.3d 77, 2018-Ohio-5135, ¶ 10. We must exercise our review of the complaint at the motion to dismiss stage with caution because this is not the time to weigh the facts or to reject a relator's allegations as false. *Id.* at ¶ 11.

{¶7} With this standard in mind, we turn to the complaint.

### Brief Background

{¶8} According to the complaint, and attachments, Mr. Yeager was indicted in two criminal cases. He was tried before a jury on both cases at the same time. In March 2017, Judge Reinbold, a retired judge serving by assignment, presided over Mr. Yeager's trial. A jury found Mr. Yeager guilty of various offenses. Immediately after the guilty verdicts were returned, Judge Reinbold orally imposed sentence. On April 12, 2017, two orders were filed that imposed sentence. Those orders were signed by Judge McCarty.

{¶9} In case number CR-2016-07-2429-A, the April 12, 2017 order imposed sentences on Count 1 and Count 6. In case number CR-2016-11-3971, the April 12, 2017 order imposed sentences on Counts 1, 2, 3, and 4.

**Complaint and attachments**

{¶10}   As mentioned above, Mr. Yeager filed a lengthy complaint seeking writs of mandamus and prohibition.  He also filed numerous attachments with his complaint:

1.  Indictment for case number CR 2016-07-2429 AB,
2.  April 12, 2017 journal entry for CR 2016-07-2429A,
3.  April 12, 2017 journal entry for CR 2016-11-3971,
4.  Letter from Andre Yeager,
5.  Andre Yeager affidavit,
6.  First request for admissions,
7.  First request for production of documents,
8.   First set of interrogatories, request for production of documents, and request for admission,
9.  Andre Yeager affidavit,
10.  Andre Yeager affidavit of facts,
11.  Andre Yeager affidavit, and
12.  Transcript of proceedings.

{¶11}   The drafting and organization of Mr. Yeager's complaint makes it difficult to differentiate legal conclusions from facts.  Further, Mr. Yeager's allegations are contradicted by other statements in the complaint and, more particularly, the attachments to the complaint.  With that in mind, we summarize the allegations contained in Mr. Yeager's complaint and attachments.

{¶12}   Mr. Yeager was charged in two criminal cases.  According to the indictment and April 12, 2017 journal entries that Mr. Yeager attached to his petition, there were seven counts in case number CR 2016-07-2429.  The jury returned guilty verdicts on counts 1 and 6; counts 2 and 7 were dismissed by the court and counts 3, 4, and 5 only alleged crimes against a co-defendant.  There were four counts in case number CR 2016-11-3971.  The jury returned guilty verdicts on all four counts.

{¶13}   The two cases were tried together before visiting Judge Reinbold in March 2017.   After the jury returned guilty verdicts, Judge Reinbold proceeded directly to sentencing.  Mr. Yeager attached the transcript of his sentencing hearing to his complaint.

{¶14}   Four of the counts in CR 2016-11-3971 involved breaking and entering in local businesses.  One of those businesses was Novus Eye Care.  When the trial court imposed sentences on these four counts, it referred to the names of the businesses related to those counts, but it only mentioned the count number, "Count 6," not Novus Eye Care, when imposing sentence on this count.  The transcript reflects, however, that Mr. Yeager reviewed the verdict forms and argued to the trial court about his sentence and referred to "Count 6" and Novus together.

{¶15}   Later, on April 12, 2017, the trial court filed two journal entries, one for each case.  Those journal entries contained a recitation of the procedural history, the findings of guilt, the sentence imposed, and other findings and advisements.

{¶16}   Mr. Yeager's complaint contains eleven enumerated causes of actions.  Some of those causes of action are simply labeled, as the first one is, "FIRST CAUSE OF ACTION."  Others, however, use more descriptive terms:  "THIRD CAUSE OF ACTION VACATE APRIL 12, 2017 JOURNAL ENTRIES."  Regardless of whether there is a label or not, the eleven causes of action repeat the same allegations and themes.

| Cause of Action | Claims |
| --- | --- |
| **First Cause of Action** | <ul><li>Correct April 12, 2017 journal entries.</li><li>Clear legal right to be present at sentencing on April 12, 2017.</li><li>Court patently and unambiguously lacked statutory authority to modify</li></ul> |

| | |
|---|---|
| | sentence on April 12, 2017 without him present. • Court patently and unambiguously lacked jurisdiction to resentence. • Clear legal right to have Novus Eye Care conviction vacated because no sentence stated in court. • Court patently and unambiguously lacked jurisdiction to make findings three weeks after sentencing. |
| **Second Cause of Action** | • Court lacked jurisdiction and plain error by imposing consecutive sentences. • Clear legal right to concurrent sentences. • Clear legal duty to make findings at sentencing hearing on March 21, 2017. |
| **Third Cause of Action** | • Vacate April 12, 2017 journal entries. • Court patently and unambiguously lacked jurisdiction. • No hearing makes sentence void ab initio. • Court had clear legal duty to make findings before sentencing. • Clear legal right to have April 12, 2017 sentence vacated. • Clear legal right to be present for modification of sentence. • Clear legal right to allocution. • Clear legal right to have sentence vacated. |
| **Fourth Cause of Action** | • Sentence for Novus Eye Care count void. • Sentenced in abstentia on April 12, 2017. • Clear legal right to be present for sentencing. |

|  |  |
|---|---|
|  | • Clear legal duty to prepare accurate journal entry.<br>• Novus Eye Care sentence should be vacated.<br>• Sentenced on April 12, 2017, without counsel.<br>• Sentence was modified on April 12, 2017, so it is void. |
| **Fifth Cause of Action** | • Clear legal right to have March 21, 2017 sentence journalized.<br>• Court has clear legal duty to impose sentence.<br>• Sentence should be journalized in 30 days, pursuant to Sup.R. 13.<br>• Clear legal duty to journalize March 21, 2017 sentence.<br>• April 12, 2017 journal entries are wrong.<br>• Novus Eye Care count should be vacated because already sentenced on count 6.<br>• Concurrent sentences were required.<br>• Court has a clear legal duty to journalize March 21, 2017 sentence.<br>• Court has a clear legal duty not to add additional findings. |
| **Sixth Cause of Action** | • Due process violation when sentenced outside his presence.<br>• Court lacked subject matter and personal jurisdiction.<br>• Court lacked jurisdiction to convict on fifth degree felony when indicted on fourth degree felony.<br>• Novus Eye Care sentence should be vacated.<br>• April 12 2017 findings should be vacated. |

| **Seventh Cause of Action** | <ul><li>Court must issue final appealable order based on March 21, 2017 sentencing hearing.</li><li>Right to be present in court for sentencing.</li><li>April 12, 2017 journal entries contain misrepresentation.</li><li>Court lacked personal and subject matter jurisdiction to modify sentence.</li><li>April 12, 2017 journal entries should be vacated.</li></ul> |
| --- | --- |
| **Eighth Cause of Action** | <ul><li>Court patently and unambiguously lacked personal and subject matter jurisdiction to prepare two fraudulent journal entries.</li><li>April 12, 2017 journal entries were a fraud.</li><li>Court improperly delayed sentencing because still no valid sentence imposed.</li><li>April 12, 2017 journal entries include prior unauthorized acts.</li><li>Court has a duty to sentence on each count.</li><li>Right to be present for sentencing.</li><li>Court erred in imposing sentence on Novus Eye Care count.</li><li>Court patently and unambiguously lacked discretion to impose modified sentence.</li><li>Court improperly included additional things in April 12, 2017 journal entries.</li></ul> |
| **Ninth Cause of Action** | <ul><li>Court committed plain error.</li><li>Acquitted of fourth degree felony by conviction of fifth degree felony.</li><li>The sentence on the fifth-degree felony is void.</li></ul> |

| | |
|---|---|
| | • Trial court had a clear legal duty to enter acquittal.<br>• Double-jeopardy violation.<br>• Vacate April journal entries.<br>• Order credit for time served. |
| **Tenth Cause of Action** | • Trial court has not ruled on petition for postconviction relief.<br>• Ineffective assistance of counsel during trial court proceedings.<br>• Insufficient evidence of guilt.<br>• Trial court must issue findings of fact and conclusions of law for petition for postconviction relief. |
| **Eleventh Cause of Action** | • Trial court lacked personal jurisdiction to modify.<br>• Trial court has duty to vacate.<br>• Right to be present.<br>• April journal entries void.<br>• Trial court failed to make findings to support sentence.<br>• No allocution.<br>• No personal jurisdiction in abstentia.<br>• Findings incomplete.<br>• Findings contrary to law.<br>• Insufficient findings.<br>• Trial court lacked jurisdiction to create false entries.<br>• Trial court must vacate April journal entries.<br>• Trial court could not impose consecutive sentence sentences. |

{¶17} Mr. Yeager's complaint includes conclusory allegations that are contradicted by the attachments to his complaint. For example, the complaint includes multiple allegations that his sentence on the Novus count is void, or otherwise improper,

because he was never sentenced on that count in court. The transcript, however, clearly reflects that he was, and he even referred to that as both Count 6 and Novus. Conclusions that are not supported by factual allegations in the complaint cannot be deemed admitted and are insufficient to withstand a motion to dismiss. *Hickman*, 45 Ohio St.3d 324; *Mitchell*, 40 Ohio St.3d at 193.

{¶18} According to the complaint, Mr. Yeager was tried before Judge Reinbold in March, convicted of the wrong offenses based on insufficient evidence, and sentenced erroneously without appropriate findings. Again, according to the complaint, a month later, Judge McCarty signed journal entries that show that Mr. Yeager was sentenced again, without him being present for the resentencing hearing, that Judge McCarty changed the offenses of conviction, Judge McCarty made improper findings, and Judge McCarty made various other errors.

{¶19} There is no dispute that Mr. Yeager was tried before Judge Reinbold in March and Mr. Yeager was sentenced, in court, immediately after the jury returned its verdict. The facts set forth in the attachments to Mr. Yeager's complaint, however, tell a different story about what happened next. A month after the March sentencing hearing, Judge McCarty signed two journal entries that were filed in April.

{¶20} The April entries reflected the events that took place in March: Mr. Yeager was convicted by a jury and sentenced by Judge Reinbold. There is absolutely nothing to suggest that a new sentencing hearing took place in April, with Mr. Yeager sentenced in abstentia, and without the right to allocution. The April entries begin by restating the events that took place in March:

On March 21, 2017, now comes the Assistant Prosecuting Attorney, TY GRAHAM, on behalf of the State of Ohio, the Defendant, representing himself pro se, but assisted and present in Court with counsel, JOB ESAU PERRY for jury trial herein.

On March 16, 2017, trial commenced, and a Jury was duly empaneled and sworn.

Thereafter, the trial not being completed, adjourned and reconvened and continued from day-to-day until March 20, 2017-at 2:50 P.M. * * *

{¶21} The journal entry continues to explain the jury's verdict and the sentence Judge Reinbold orally imposed. There is nothing in the complaint or attachments to support Mr. Yeager's conclusion that the trial court held an unlawful sentencing hearing, in his absence, in April. The attachments to the complaint show that the only thing that happened in April is that the trial court journalized the judgment of conviction that recounted the events that took place in March.

{¶22} The April entries demonstrate that Mr. Yeager was present in court for his trial in March. The April entries further show that Mr. Yeager was sentenced on March 21, 2017. The entries show the findings of guilt on six counts, two counts in one case and four counts in the other. Judge Reinbold imposed sentences for those offenses immediately after the trial in March, and those sentences were journalized in orders signed by Judge McCarty in April. The attachments also show that Mr. Yeager was present when Judge Reinbold imposed the sentence for Count 6, the offense relating to Novus Eye Care.

**Unsupported allegations**

{¶23} The attachments undercut the conclusory allegations of Mr. Yeager's complaint. There was no April sentencing hearing held without him being present, as he alleged, in various forms, in at least the first, third, fourth, sixth, seventh, eighth, and eleventh causes of action. Likewise, he was not resentenced in April, or resentenced in April without counsel, as he alleged in several of his causes of action.

## Allegations of Error

{¶24} Mr. Yeager's complaint also alleged many errors in the trial court's proceedings. Those errors include receiving ineffective assistance of counsel (Count 10 of the complaint), being convicted on insufficient evidence (Count 10), being denied his right of allocution (Counts 3, 11), imposition of sentence on the Novus count (Counts 1, 4, 5, 6, 8), the court failing to make findings in support of the sentences (Counts 1, 2, 11), imposing consecutive sentences (Counts 2, 5), and various errors in the April journal entries (Counts 4, 5, 6, 8, 9, 11).

### Voidness, Fraud, and Jurisdiction Allegations

{¶25} The complaint alleges, in almost every count, that some aspect of the trial court's actions resulted in a void judgment of conviction or sentence. Many of these allegations are identical to the errors alleged in the complaint. For example, he alleged that his sentence on the Novus count was void because of the error in the trial court's imposition of sentence. Likewise, he alleged that his sentence was void because the trial court lacked jurisdiction to resentence him.

{¶26} Similar to the allegations of voidness, the complaint alleges that the trial court committed fraud. The bases for these allegations are similar to the allegations

already noted.  For example, he alleged that the trial court committed fraud by preparing and filing the April journal entries stating he was present for a sentencing hearing in April when he was not present at that hearing.  As already noted, the attachments to the complaint demonstrate that there was no hearing in April, only that the judgments of conviction were filed in April.

{¶27}  Finally, as with the other allegations that are woven together, the complaint alleges that the trial court's actions were without jurisdiction.  For example, in several counts, the complaint alleges that the trial court lacked jurisdiction to prepare the April journal entries, with the further allegation that those entries were fraudulent because he was not present at the April sentencing hearing or because the trial court modified his sentence from what was said at the March hearing.

<u>Postconviction Relief Petition</u>

{¶28}  The complaint alleges that Judge McCarty has not ruled on his pending petition for postconviction relief.  The complaint seeks a writ of mandamus to order her to rule on the petition.

**Writ of Mandamus**

{¶29}  "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy."  *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998).  The relator must demonstrate all three elements in order for this Court to grant the writ of mandamus.  Dismissal of a

petition is appropriate if the claimant obviously cannot prevail on the facts alleged in it. *See, e.g.*, *State ex rel. Duran v. Kelsey*, 106 Ohio St.3d 58, 2005-Ohio-3674, ¶ 7.

{¶30} There are two different components to the complaint, one related to numerous claims regarding the trial and sentencing proceedings and the other dealing with the petition for postconviction relief. We will address the petition for postconviction relief second.

{¶31} We begin with the allegations regarding the trial and sentencing proceedings. The complaint's prayer for relief asks this Court to issue the writ of mandamus to order Respondents to vacate the April journal entries and reinstate his concurrent sentences. When we consider the allegations of the complaint and make reasonable inferences in favor of Mr. Yeager, it appears beyond doubt that Mr. Yeager can prove no set of facts that would entitle him to the relief requested. Accordingly, he is not entitled to the writ of mandamus on this basis.

{¶32} As recounted above, Mr. Yeager set forth the same claims many times in a variety of ways over the hundreds of paragraphs in his complaint. Those claims allege trial and sentencing errors. Although Mr. Yeager has alleged that those errors resulted in void judgments of conviction, his conclusions are unsupported in law.

{¶33} With respect to the allegations of error, mandamus will not lie because Mr. Yeager had an adequate legal remedy by way of direct appeal from his criminal convictions. With respect to alleged legal errors, it is well-established that mandamus cannot be used as a substitute for appeal to challenge a trial court's actions. *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, ¶ 11. Appeal from an adverse

judgment constitutes an adequate remedy in the ordinary course of law. *State ex rel. Caskey v. Gano*, 135 Ohio St.3d 175, 2013-Ohio-71, ¶ 5. To the extent the trial court committed any error, appeal provided an adequate remedy to assert those claimed errors, and mandamus is not an appropriate remedy. *See, e.g., State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, ¶ 5.

{¶34} Many of the complaint's allegations set forth alleged trial court errors. For example, the complaint alleged that the trial court erred in convicting Mr. Yeager because the evidence was insufficient. The Supreme Court has held that mandamus is unavailable to challenge the sufficiency of the evidence. *State ex rel. Thomas v. Franklin Cty. Court of Common Pleas*, 141 Ohio St.3d 547, 2015-Ohio-474, ¶ 4.

{¶35} As set forth above, many of the allegations in the complaint allege errors in the sentence. As already noted, mandamus is unavailable to challenge errors, including sentencing errors. The Supreme Court has held that sentencing errors "are generally not remediable by extraordinary writ." *State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, ¶ 3.

{¶36} The complaint also alleges that the judgements of conviction are void. The Ohio Supreme Court has recently revisited the distinction between void and voidable judgments. In *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, ¶ 26, 42, the Supreme Court reconsidered its

> conflicting precedents concerning void and voidable judgments in criminal cases and held that so long as the sentencing court had jurisdiction over the subject matter of the case and the defendant, any error in the court's exercise of its judicial power would render the judgment voidable upon appellate review.

Jurisdiction is "a word of many, too many, meanings." (citations omitted) *State v. Rue*, Slip Opinion No. 2020-Ohio-6706, ¶ 12. The complaint uses "jurisdiction" and "void" in various senses, but the Supreme Court's recent decisions on voidness demonstrate that none of the complaint's allegations would render the April judgments void.

{¶37} "Jurisdiction" concerns a court's power to hear a case. *Rue* at ¶ 13. It includes both jurisdiction over the subject matter involved in the case and over the person. *Id.* quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11. The complaint alleges that the trial court lacked jurisdiction over both the case and Mr. Yeager. Those allegations of jurisdictional defects, however, do not truly allege a lack of jurisdiction. "To the extent this dispute concerns actions taken by the trial court in the exercise of its judicial power, this case does not truly concern the trial court's jurisdiction[.]" *Rue* at ¶ 15.

{¶38} Mr. Yeager has not alleged that the underlying criminal cases were beyond the scope of the jurisdiction of the Summit County Court of Common Pleas or Judges McCarty or Reinbold. The complaint has also not alleged that Mr. Yeager was beyond the jurisdiction of the trial court. To the extent the complaint alleged a lack of jurisdiction over Mr. Yeager, because he was not present for the alleged April resentencing hearing, we have addressed that above.

{¶39} For example, the complaint contends that the trial court lacked jurisdiction to hold a sentencing hearing in April without him present. The attachments to the complaint, however, demonstrate that there was no hearing in April, only the

journalization of two orders that recounted what took place at the March sentencing hearing where Mr. Yeager was undisputedly present. Thus, there are no supported, uncontradicted, allegations that the trial court lacked jurisdiction over Mr. Yeager.

{¶40} Finally, appeal provided an adequate remedy to raise the alleged errors noted above. Mr. Yeager's complaint failed to set forth facts sufficient to overcome the motion to dismiss. Accordingly, as to these claims, the motion to dismiss is granted.

{¶41} Mr. Yeager also sought a writ of mandamus to order Judge McCarty to rule on his petition for postconviction relief. This Court may consider evidence outside the complaint to determine that an action is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). According to the trial court dockets in Mr. Yeager's underlying criminal cases, Judge McCarty has ruled on the petitions for postconviction relief filed in those cases. Accordingly, this claim is moot.

## Writ of Prohibition

{¶42} Mr. Yeager sought the writ of prohibition to prevent Respondents from enforcing the April journal entries. For this Court to issue a writ of prohibition, Mr. Yeager must establish that: (1) Judges McCarty and Reinbold are about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997). "[T]he purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). If the trial court acts when it patently and unambiguously lacks jurisdiction, however, prohibition will lie

to correct the results of previous unauthorized actions. *See, e.g., State ex rel. Richland Cty. Children Services v. Richland Cty. Court of Common Pleas*, 152 Ohio St.3d 421, 2017-Ohio-9160.

{¶43} "[A] writ of prohibition 'tests and determines "solely and only" the subject matter jurisdiction' of the lower court." (citations omitted) *Id.* Unless the trial court unambiguously lacks jurisdiction to proceed, a court having general jurisdiction of the subject matter has the authority to determine its own jurisdiction to hear a cause, and the party challenging the court's jurisdiction has an adequate remedy through an appeal. *Brooks v. Gaul*, 89 Ohio St.3d 202, 203 (2000).

{¶44} Mr. Yeager does not allege that Judges McCarty and Reinbold, serving as a judge and visiting judge on the Summit County Common Pleas Court, do not have jurisdiction over Mr. Yeager's criminal cases. Instead, the complaint sought the writ of prohibition to prevent Respondents from enforcing the April journal entries, for all of the same reasons this Court has already reviewed, and rejected, when considering the writ of mandamus.

{¶45} In light of this Court's conclusion that Mr. Yeager was not entitled to the writ of mandamus, we must conclude that he has failed to satisfy the requirements for the writ of prohibition. Even if Mr. Yeager has demonstrated that there were errors in the trial court proceedings, that does not rise to the level of depriving the trial court of jurisdiction to act. Because Mr. Yeager cannot demonstrate that Judges McCarty and Reinbold unambiguously lacked jurisdiction, he cannot prevail on his claim for a writ of prohibition.

**Conclusion**

{¶46} Because Mr. Yeager is not entitled to a writ of mandamus or prohibition, the motion to dismiss is granted, and this case is dismissed. All outstanding motions are denied. Costs are taxed to Mr. Yeager.

{¶47} The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

ANDRE YEAGER, Pro se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Respondents.