[Cite as *State v. Dunn*, 2023-Ohio-1944.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022 CA 0070 |
| ROBERT DUNN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2021 CR 0281


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      June 12, 2023


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

GARY BISHOP                         RANDALL E. FRY
PROSECUTING ATTORNEY                90 Darby Drive
38 South Park Street                Lexington, Ohio  44904
Mansfield, Ohio  44902

*Wise, P. J.*

**{¶1}** Appellant Robert Lee Dunn appeals the September 8, 2022, decision of the Richland County Common Pleas Court denying his motion to dismiss.

**{¶2}** Appellee is the state of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶3}** For purposes of this Opinion, the relevant facts and procedural history are as follows:

**{¶4}** On April 19, 2020, Matthew George was serving as a Corrections Officer (CO) when he was assaulted by the Appellant, an inmate under his supervision. (T. at 23, 27-28).

**{¶5}** On April 19, 2020, Matthew George, a Corrections Officer at the Richland Correctional Institution (RICI), and his partner, CO Sattiewhite, observed over CCTV what they believed to be Appellant Robert Lee Dunn administering a tattoo. (T. at 26). Appellant was called out of his cell and was watched by CO George while CO Sattiewhite searched his cell for contraband. (T. at 26-27). During the search, Appellant became agitated and CO George ordered him to place his hands against the wall so that he could search him before placing him in handcuffs. (T. at 27). During the search, Appellant spun around and began punching CO George in the face and neck. (T. at 27-28).

**{¶6}** On April 9, 2021, a Richland County Grand Jury returned an indictment on one count of Assault on a Corrections Officer, in violation of R.C. §2903.13(A)-(C)(3), a third-degree felony, and one count of Obstructing Official Business, in violation of R.C. §2921.31(A)-(B), a second-degree misdemeanor.

**{¶7}** On April 21, 2021, a signed, stamped copy of that indictment was faxed to the Toledo Correctional Institution where Appellant was then being housed.

**{¶8}** On May 20, 2021, Appellant was arraigned on that indictment via video arraignment. The Judgment Entry reflects that Appellant was represented by counsel at that arraignment and that he acknowledged receipt of the indictment, waived its reading in open court, and entered pleas of not guilty on all charges.

**{¶9}** On July 25, 2022, trial counsel for Appellant filed a Motion to Dismiss arguing Appellant had never been served with a copy of his indictment.

**{¶10}** On September 6, 2022, a hearing was held on the motion, wherein Appellant's trial counsel argued that "the requirements of Criminal Rule 10 have not been satisfied .... [t]herefore, since it's not been satisfied, the matter should be dismissed." (Motion T. at 3).

**{¶11}** By Judgment Entry filed September 8, 2022, the trial court overruled the motion but ordered that Appellant be served a copy of the indictment again before returning to prison. *Id.*

**{¶12}** On September 12, 2022, a trial commenced in this matter and the jury returned verdicts of guilty on all charges.

**{¶13}** The trial court imposed a sentence of thirty (30) months in prison on Count 1 and ninety (90) days in prison on Count 2 and ordered the sentences to run concurrently to one another but consecutive to the sentence Appellant was currently serving.

**{¶14}** (Judgment Entry filed September 13, 2022).

**{¶15}** Appellant now appeals, raising the following error for review:

<u>ASSIGNMENT OF ERROR</u>

**{¶16}** "I. THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION TO DISMISS."

**I.**

**{¶17}** In his sole assignment of error Appellant claims the trial court erred in his denying his motion to dismiss. We disagree.

**{¶18}** Appellant herein argues that he was not properly served with the indictment prior to his arraignment because he was incarcerated, and that his case should therefore have been dismissed,

**{¶19}** In support, Appellant cites Crim.R. 10(A), which provides:

**(A) Arraignment Procedure.** Arraignment shall be conducted in open court, and shall consist of reading the indictment, information or complaint to the defendant, or stating to the defendant the substance of the charge, and calling on the defendant to plead thereto. The defendant may in open court waive the reading of the indictment, information, or complaint. The defendant shall be given a copy of the indictment, information, or complaint, or shall acknowledge receipt thereof, before being called upon to plead.

**(B) Presence of Defendant.**

(1) The defendant must be present, except that the court, with the written consent of the defendant and the approval of the prosecuting attorney, may permit arraignment without the presence of the defendant, if a plea of not guilty is entered.

(2) In a felony or misdemeanor arraignment or a felony initial appearance, a court may permit the presence and participation of a defendant by remote contemporaneous video provided the use of video complies with the requirements set out in Rule 43(A)(2) of these rules. This division shall not apply to any other felony proceeding.

**{¶20}** The record in this matter contains an Arraignment Judgment Entry, filed May 21, 2021, which states, inter alia:

In response to inquiry by the Court, Defendant, through counsel acknowledges service of a copy of the indictment/Probation Violation; Defendant understanding the same and did not desire having it read by the Clerk, for plea to said offense, Defendant enters a plea of not guilty.

**{¶21}** The Judgment Entry is signed by both the magistrate and the judge

**{¶22}** The record in this case therefore reflects that Appellant acknowledged service of a copy of the indictment, waived reading of the indictment at his arraignment and proceeded to a jury trial

**{¶23}** Appellant admits that he did receive a copy of the Indictment after his arraignment but argues that said copy was deficient because it was lacking a signature, a case number, a signature from the Richland County Clerk of Courts and a date for such signatures. Based on said alleged deficiencies, Appellant argued that the Indictment was not appropriate nor timely.

**{¶24}** Appellant fails to cite any case law or other authority in support of his argument.

**{¶25}** As a general rule, any alleged defect in service of an indictment is considered waived unless it is raised prior to trial. *See Goman v. Maxwell* (1964), 176 Ohio St. 236, 199 N.E.2d 10. Therefore, if a defendant wishes to avail himself of an alleged defect in the service of an indictment, he must object or otherwise raise the issue prior to trial. *State v. Coffey* (Dec. 9, 1996), Butler App. No. CA96–07–136, citing *Boyer v. Maxwell* (1963), 175 Ohio St. 318, 194 N.E.2d 574.

**{¶26}** We next consider whether the alleged defects in service rise to the level of plain error. *See Coffey, supra.* Plain error is an obvious error or defect involving substantial rights in the trial court proceeding. *State v. Hunter,* Cuyahoga App. No. 81006, 2003–Ohio–994, citing *State v. Moreland* (1990), 50 Ohio St.3d 58, 62, 552 N.E.2d 894. It is not grounds for reversal unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise. *Id.*

**{¶27}** We find that Appellant has failed to put forth any evidence in support of his argument that he was not properly arraigned or properly served with the Indictment in this matter.

**{¶28}** In the instant case, the record reveals Appellant received a copy of the indictment in this case and was familiar with the charges against him at his arraignment and at the motion hearing on September 8, 2021. The record also reflects that Appellant waived the reading of the charges at his arraignment, and Appellant stated he understood the charges. Appellant then proceeded to jury trial, ultimately being found guilty of the charges

{¶29} Upon this record, we do not find that the outcome would clearly have been otherwise, but for the alleged failure of proper service of the indictment. We find no plain error.

{¶30} Appellant's assignment of error is overruled.

{¶31} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.


JWW/kw 0607