[Cite as *State ex rel. Sanders v. Summit Cty. Court of Common Pleas*, 2023-Ohio-3613.]

STATE OF OHIO      )          IN THE COURT OF APPEALS
                     )ss:          NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT      )

JC SANDERS

    Relator                              C.A. No.      30835

    v.

SUMMIT COUNTY COURT OF             ORIGINAL ACTION IN
COMMON PLEAS, ET AL.                   PROHIBITION

    Respondents

Dated: October 4, 2023

PER CURIAM.

**{¶1}** Relator, JC Sanders, has filed a pro se petition for a writ of prohibition seeking an order from this Court to Judge Tammy O'Brien of the Summit County Court of Common Pleas to dismiss his pending criminal case. Judge O'Brien has moved to dismiss this case seeking the writ of prohibition. For the following reasons, we grant Judge O'Brien's motion to dismiss.

**{¶2}** Mr. Sanders is the defendant in a criminal case currently pending before Judge O'Brien. The complaint alleged that Mr. Sanders was not properly served with his indictment. He thus concluded that the trial court lacked jurisdiction to proceed. Further, the complaint alleged that he was denied due process, denied counsel, denied his right to a speedy trial, deprived of life and liberty, and suffered economic hardship. Judge O'Brien moved to dismiss the case pursuant to Civ.R. 12(B)(6).

{¶3} Generally, for this Court to issue a writ of prohibition, Mr. Sanders must establish that: (1) Judge O'Brien is about to exercise judicial power, (2) the exercise of that power is unauthorized by law, and (3) the denial of the writ will result in injury for which no other adequate remedy exists. *State ex rel. Jones v. Garfield Hts. Mun. Court*, 77 Ohio St.3d 447, 448 (1997). The complaint only alleged that Mr. Sanders was not properly served with his indictment and that Judge O'Brien was presiding over his ongoing criminal case. The complaint did not allege what judicial power Judge O'Brien was about to exercise or why that power is unauthorized by law. Instead, the complaint simply concluded that his criminal case must be dismissed because of the improper service of the indictment.

{¶4} The complaint also did not allege that the alleged lack of jurisdiction is patent and unambiguous. In cases of a patent and unambiguous lack of jurisdiction, the requirement of a lack of an adequate remedy at law need not be proven because the availability of alternate remedies would be immaterial. *State ex rel. Goldberg v. Mahoning Cty. Probate Court*, 93 Ohio St.3d 160, 162 (2001). In this case, however, the complaint did not include this allegation, so this Court must consider whether an adequate remedy exists.

{¶5} "[T]he purpose of a writ of prohibition is to restrain inferior courts and tribunals from exceeding their jurisdiction." *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 73 (1998). A writ of prohibition "tests and determines solely and only the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp. v. Lancaster*, 40 Ohio St.3d 404, 409 (1988).

{¶6} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the complaint are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A complaint can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 119 Ohio St.3d 389, 2008-Ohio-4787, ¶ 7.

{¶7} Viewing the allegations of the complaint in the light required by Civ.R. 12(B)(6), the complaint does not state a claim for prohibition upon which relief can be granted. Unless a trial court lacks jurisdiction, a court having general jurisdiction of the subject matter has the authority to determine its own jurisdiction to hear a cause, and the party challenging the court's jurisdiction has an adequate remedy through an appeal. *Brooks v. Gaul*, 89 Ohio St.3d 202, 203 (2000).

{¶8} The complaint alleges that Judge O'Brien lacks jurisdiction because he was not properly served with his indictment. The complaint does not allege an absence of subject-matter jurisdiction, however. Generally, an error in service of the indictment must be raised in the criminal proceedings to preserve the error and the error is reviewed on direct appeal.

{¶9} This Court considered a similar argument in a recent direct appeal. *State v. Castner*, 9th Dist. Summit No. 29704, 2021-Ohio-1048. In *Castner*, this Court reviewed a defendant's challenge, on appeal, to a conviction where the defendant argued that she was not properly served with the indictment. *Id.* at ¶ 9. This Court reviewed the argument

by considering the record before it to determine whether the trial court erred by acting without *personal* jurisdiction due to the alleged failure to serve the indictment. *Id.* at ¶ 9-10. A lack of personal jurisdiction falls outside the scope of a writ of prohibition, which "tests and determines solely and only the subject matter jurisdiction" of the lower court. *State ex rel. Eaton Corp.*, 40 Ohio St.3d at 409.

{¶10} The Fifth District Court of Appeals considered a similar argument about an alleged defect in service of an indictment. *State v. Dunn*, 5th Dist. Richland No. 2022 CA 0070, 2023-Ohio-1944, ¶ 25. The Fifth District concluded that an objection was required to preserve the issue for appellate review. *Id.* Once preserved, the issue can be raised on direct appeal. *Id.*

{¶11} Mr. Sanders will have the same opportunity available to him at the conclusion of his criminal case. He will be able to appeal the trial court's judgment, should he be convicted, and he can argue the trial court erred. The complaint did not assert that the trial court patently and unambiguously lacked jurisdiction, and, therefore, the existence of appeal as an adequate remedy means that he is not entitled to a writ of prohibition.

{¶12} In addition to the availability of an adequate remedy, this case must be dismissed because the complaint failed to identify what judicial power Judge O'Brien was about to exercise. Finally, the complaint did not allege a proper basis to demonstrate that Judge O'Brien's exercise of judicial power was unauthorized by law to support the granting of a writ of prohibition. *See State ex rel. Jones*, 77 Ohio St.3d at 448.

**{¶13}** Considering the allegations in the complaint as true, we must conclude that Judge O'Brien has general jurisdiction over Mr. Sanders' criminal case and, accordingly, she has the authority to determine her jurisdiction. Appeal provides an adequate remedy for Mr. Sanders to challenge the trial court's exercise of jurisdiction.

**{¶14}** Because Mr. Sanders cannot prevail on the facts he alleged, the petition is dismissed. Costs of this action are taxed to Relator. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

JENNIFER L. HENSAL
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

JC SANDERS, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JENNIFER M. PIATT, Assistant Prosecuting Attorney, for Respondents.