[Cite as *State v. Pennington*, 2026-Ohio-1054.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,               :

    v.                                :

    No. 115508

D'ANGELO PENNINGTON,                    :

    Defendant-Appellant.              :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 26, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-674502-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew W. Moretto, Assistant Prosecuting Attorney, *for appellee*.

D'Angelo Pennington, *pro se*.

MICHELLE J. SHEEHAN, A.J.:

{¶ 1} Defendant-appellant D'Angelo Pennington appeals the trial court's judgment denying his motion for allied-offense determination. He raises 14 assignments of error:

1. The Trial Court erred when they failed to comply with the requirement of Crim.R. 11 by failing to inform defendant and determining that the defendant understood the effect of his plea.

2. The Trial Court erred as a matter of law imposing separate sentences for the allied offense in violation of the double jeopardy clause of the 5th Amendment to the Constitution and Article I section 10 of the Ohio Constitution.

3. The Trial Court erred by imposing an unconstitutional sentence pursuant to the Reagan Tokes Act and did not explicitly state the maximum indefinite sentence under Reagan Tokes Act and using plus Reagan Tokes is inconsistent.

4. Trial Court erred by failing to inform Mr. Pennington about Firearm Specifications, Sentence Structure, judicial release probation eligible, Early release eligible.

5. Trial Court failed to let Mr. Pennington know about Allied Offense and merge Allied offense.

6. Appellants guilty plea was not made knowingly, intelligently, voluntarily due to the trial court lack of colloquy regarding the allied offense.

7. Trial Court erred by imposing multiple punishments for the same offense.

8. Trial Court erred by not explaining the One-three-year Firearm Specification and Mandatory Consecutive sentence.

9. Trial Court committed error by imposing Consecutive Sentences without making finding required by R.C. 2929.14(C)(4) which required this court to vacate Consecutive sentence.

10. Trial court committed error by using Specification to use of firearm or Dangerous ordnance by violent career criminal as a charge.

11. Failed to merge one-three-year firearm specification, carrying a Concealed Weapon, to use of firearm or dangerous ordnance by violent career criminal specification as allied offense.

12. Trial Judge did not explicitly state the Maximum Indefinite sentence of Specifications Enhancements, or Firearm Specifications.

13. Trial Court parties erred in agreeing to an unlawful sentence range and the trial court erred in imposing it.

14. Mr. Pennington was not advised of maximum possible penalties in sentence.

{¶ 2} After review, we overrule Pennington's assigned errors because they are either not properly before this court or barred by res judicata and affirm the trial court's judgment.

## I. Procedural History and Factual Background

{¶ 3} In June 2023, Pennington pleaded guilty to two counts: involuntary manslaughter, in violation of R.C. 2903.04, a felony of the first degree with one- and three-year firearm, notice-of-prior conviction, and repeat-violent-offender specifications, and use of firearm or dangerous ordnance by a violent career criminal, in violation of R.C. 2923.132(B), a felony of the first degree. The trial court sentenced Pennington to 20 to 25 years in prison.

{¶ 4} Pennington appealed. *See State v. Pennington*, 2024-Ohio-5483 (8th Dist.). In his direct appeal, he argued that the parties erred in agreeing to an unlawful sentencing range and that the trial court erred in imposing it. *Id.* at ¶ 10. Specifically, he argued that the trial court did not properly inform him of the Reagan Tokes Law at his plea hearing. *Id.* We found no merit to his sole assignment of error and affirmed his convictions and sentence. *Id.* at ¶ 18-19.

{¶ 5} In May and June 2025, Pennington filed a petition for postconviction relief and a Civ.R. 60(B) motion for relief from judgment. The trial court denied both postconviction filings.

{¶ 6} On July 1, 2025, Pennington filed a motion for allied-offense determination, which is the motion at issue in this appeal. The trial court denied Pennington's motion.[1] It is from this judgment that Pennington now appeals.

## II. Law and Analysis

{¶ 7} We note at the outset that Pennington is appealing from the trial court's denial of his motion for allied-offense determination. Therefore, his assigned errors that address anything other than allied offenses are not properly before this court. We further note that we will not address Pennington's assigned errors regarding allied offenses because they are barred by res judicata.

{¶ 8} In *State v. Harper*, 2020-Ohio-2913, and *State v. Henderson*, 2020-Ohio-4784, the Ohio Supreme Court realigned its precedent with the traditional understanding of what constitutes a void judgment. *Harper* at ¶ 4; *Henderson* at ¶ 34. "Based on *Harper* and *Henderson*, the current void-sentence jurisprudence of the Ohio Supreme Court is clear: if the sentencing court has subject-matter jurisdiction over the case and personal jurisdiction over the defendant, any sentencing error renders the sentence voidable, not void." *State v. Stansell*, 2021-Ohio-2036, ¶ 7 (8th Dist.) (en banc). And if a sentencing error renders the

---

[1] A judge issued a judgment entry on July 9, 2025, stating, "[D]efendant's motion for allied offense determination filed 7/2/25 is denied." However, Pennington filed his motion on July 1, 2025. A second judge issued a judgment entry on August 6, 2025, stating, "[M]otion for allied offense determination filed pro se . . . 07/01/2025, is denied as moot." Pennington timely appealed from the second judgment entry. The State maintains that the second entry was moot because the first judge had already denied his motion. But because the first judge used an inaccurate date, we will presume the second judge's entry properly denied Pennington's motion.

defendant's sentence voidable, the error must be challenged on direct appeal or the sentence will be subject to the doctrine of res judicata, which bars the assertion of claims that could have or should have been raised in a prior proceeding. *Harper* at ¶ 43. This rule "secures parties' expectations in the finality of a judgment." *Henderson* at ¶ 19.

{¶ 9} There is no dispute in this case that the trial court had both subject-matter jurisdiction over Pennington's case and personal jurisdiction over him. R.C. 2931.03; *State v. Castner*, 2021-Ohio-1048, ¶ 8 (9th Dist.). And "claims of merger . . . are voidable sentencing errors that must be raised on direct appeal." *State v. Gross*, 2021-Ohio-3289, ¶ 26 (11th Dist.). Accordingly, any alleged error in the trial court's failure to merge allied offenses rendered the sentence voidable, not void, and thus, Pennington was required to raise the issue on direct appeal. He did not do so and, thus, res judicata prohibits him from raising the claim now.

{¶ 10} Pennington's assigned errors are overruled.

{¶ 11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
KATHLEEN ANN KEOUGH, J., CONCUR